**In re: Plaintiff: The PEOPLE of the State of Colorado,**

v.

**Defendant: Eric I. DIXON.**

**No. 06SA58.**

Supreme Court of Colorado, En Banc.

April 24, 2006.

John W. Suthers, Attorney General, Joseph P. Sanchez, Assistant Attorney General, Denver, for Plaintiff.

Eric I. Dixon, pro se.

Justice MARTINEZ dissents, and Justice BENDER joins in the dissent.

Justice EID does not participate.

COATS, Justice.

Eric Dixon petitioned this Court pursuant to C.A.R. 21 for relief in the nature of mandamus, directed to the Colorado Department of Corrections. Dixon seeks an order compelling the department to calculate his combined sentences by granting him 174 days of presentence confinement credit against his new sentence, rather than against two previous sentences being served at the time of the

offense underlying this petition. We issued a rule to show cause why the department should not be considered in violation of the district court's sentencing order and why it should not be ordered to comply. Because we hold that the department is not in violation of the court's order, we discharge the rule.

### I.

In 2002, Eric Dixon was convicted of attempted possession of a schedule II controlled substance and distribution of marihuana, and sentenced to two, concurrent, six-year terms of imprisonment. The district court suspended those sentences, however, on the condition that Dixon successfully complete a drug rehabilitation program. In August 2004, before completing the program, Dixon was arrested for attempted aggravated robbery. In November 2004, the district court found that Dixon failed to complete the program successfully, and it imposed the original sentences to the Colorado Department of Corrections for his two prior convictions.

Dixon was subsequently convicted of the robbery charge, and on January 24, 2005, the El Paso County District Court sentenced him to the custody of the department for eight years. The district court calculated that Dixon should be awarded 174 days credit for time served while awaiting trial on his attempted aggravated robbery charge and noted that amount on the mittimus remanding him to the custody of the department. The mittimus also indicated that the sentence was to run concurrently with Dixon's existing sentences from the prior convictions.

Relying on section 18–1.3–405, C.R.S. (2005), the department applied the 174 days of presentence confinement credit in the robbery case to each of Dixon's existing sentences. Dixon complained to the El Paso County District Court, asserting that his presentence confinement should have been credited against his new sentence for attempted aggravated robbery, rather than his existing sentences. The district court treated Dixon's request as a motion for presentence confinement credit, and entered a minute order on October 26, 2005, stating: "In response to

defendant's motion for 174 days credit for time served, submitted on October 12, 2005, Court sends DOC Time Release & Defendant copy of original mitt, which did award Defendant 174 days credit."

Dixon now seeks relief from this Court pursuant to C.A.R. 21.

### II.

This Court has determined that C.A.R. 21 provides an appropriate procedural mechanism, absent any other adequate remedy, to mandate compliance by the department of corrections with trial court sentencing orders. *People v. Ostuni*, 58 P.3d 531, 533 (Colo.2002). In this context, we have made abundantly clear that where a question of presentence confinement credit has been litigated in the district court, the department is bound to enforce the district court's order unless and until it is reversed by a higher court. *People v. Grangruth*, 990 P.2d 697, 701 (Colo.1999) (ordering department pursuant to C.A.R. 21 to comply with sentencing court order directing it to apply presentence confinement credit to particular sentence); *Meredith v. Zavaras*, 954 P.2d 597, 602–03 (Colo.1998) (ordering department pursuant to C.A.R. 21 to comply with sentencing order directing it to apply presentence confinement credit to particular sentence because existing sentence was discharged).

Absent an order clearly directing the department to apply presentence confinement credit in a particular manner, however, the credit for time served noted on a mittimus must be understood simply as a factual finding of the period of time the defendant spent in confinement prior to sentencing. *Ostuni*, 58 P.3d at 534. As we observed in *Ostuni*, the legislature has tasked the sentencing court with noting the length of the defendant's presentence confinement on the mittimus, and the department with properly crediting this period of confinement against the defendant's sentence. *Id.* at 533–34; § 18–1.3–405, C.R.S. (2005). In the case of an offender serving a sentence for a previous offense at the time he commits a new offense, the statute requires the department to deduct presentence confinement credit from the

existing sentence rather than the new sentence. *Ostuni*, 58 P.3d at 534.

Unlike the express orders in *Grangruth*, 990 P.2d at 699, and *Meredith*, 954 P.2d at 599, the El Paso County District Court made no attempt to impose a specific method of calculation on the department. While the defendant in this case did file a motion in the district court seeking an order compelling the department to apply presentence confinement credit to his new sentence, the district court did not issue such an order. The district court's minute order does not mandate, or even suggest, that the department apply this credit to any particular sentence. It simply restates the court's intent that the defendant be credited for 174 days of confinement while awaiting trial and sentencing for attempted aggravated robbery.

There is no claim before this Court that the department has miscalculated or failed to credit the defendant's presentence confinement in the manner prescribed by statute. As we concluded in *Ostuni*, an annotation of credit for time served on a mittimus should not be presumed to exceed the trial court's statutory authority or to impose limitations on the department's ability to comply with its legislative mandate, without a clear intention to do so. *Id.* The minute order in the present case does no more than restate the contents of the original mittimus. It therefore fails to manifest such an intention, any more than did the mittimus itself.

### III.

Because the petitioner has failed to demonstrate the violation of a clear duty to obey the district court's sentencing order, the rule is discharged.

Justice MARTINEZ dissenting.

The majority approves the Department of Corrections' (DOC) refusal to comply with the directive contained in the mittimus and the trial court's subsequent order. The opinion compounds this error by sanctioning the principle that a trial court's presentence confinement credit order has no meaning, unless approved by the DOC. Maj. op. at 1177–78. Contrary to the majority's holding, the mittimus and order allocate 174 days of presentence confinement to Dixon's attempted aggravated robbery sentence. In light of this fact, I conclude the DOC erroneously ignored the sentence imposed by the trial court. Furthermore, I cannot agree with the majority's holding that the DOC has the statutory authority to alter a defendant's actual sentence by applying only the presentence confinement credit it deems appropriate. Accordingly, I respectfully dissent.

### I.

Before Dixon completed the conditions of his suspended sentence for attempted possession of a schedule II controlled substance and distribution of marihuana, he was arrested for attempted aggravated robbery. Accordingly, the trial court imposed the original sentence to two six-year concurrent terms of imprisonment on those convictions. Dixon was convicted of attempted aggravated robbery and sentenced to eight years in the DOC. Between his arrest for attempted aggravated robbery and his sentencing, Dixon served 174 days in the DOC. The DOC applied the 174 days of presentence confinement credit to Dixon's attempted possession of a schedule II controlled substance and distribution of marihuana sentences.

As in *People v. Ostuni*, 58 P.3d 531 (Colo. 2002), the majority ignores the directive of the mittimus and trial court order and, instead, construes Dixon's sentence based on a statutory interpretation of section 18–1.3–405, C.R.S. (2005). The *Ostuni* majority determined that absent an explicit indication to the contrary from the sentencing court, presentence confinement credit must be allocated to any sentence the defendant was serving while waiting to be sentenced on the instant offense. *Id.* at 534. Relying on *Ostuni*, the majority in this case presumes the court did not intend to exceed its authority under section 18–1.3–405, and upholds the DOC's revision of the sentence imposed by the court.

Contrary to the interpretation of the majority, the mittimus unambiguously credits the 174 days served to Dixon's attempted aggravated robbery conviction. The mittimus associates the credit for time served with Dixon's eight-year sentence to incarcer-

ation by labeling both "Count 1." Count 1 is the attempted aggravated robbery conviction and sentence. The mittimus also indicates the length of the sentence for Count 1 and the days of presentence confinement for Count 1, but fails to list the length of the concurrent sentences. The mittimus states:

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be sentenced to THE CUSTODY OF THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS

| | | |
|---|---|---|
| Department of Corrections | 8.00 YEARS | COUNT 1 |
| Credit for Time Served | 174.00 DAYS | COUNT 1 |
| CONCURRENT WITH COUNT | CASE NUMBER: 2001CR 2357 ... | |
| CONCURRENT WITH COUNT | CASE NUMBER: 2000CR 1686 ... | |

Thus, the presentence confinement credit is tied to the aggravated robbery sentence and separate from the concurrent sentences.

Furthermore, the credit for time served is located directly after the attempted aggravated robbery sentence and before the concurring sentences. This placement indicates that the presentence confinement credit is applicable to Count 1, but not the concurrent sentences. My conclusion is that the plain language and structure of the mittimus direct the DOC to apply the 174 days of presentence confinement to the attempted aggravated robbery sentence.

The trial court's subsequent, post-sentence order supports this reading of the mittimus. After the DOC refused to credit Dixon's aggravated robbery sentence with 174 days of presentence confinement, he sought trial court intervention to require the DOC to comply with the mittimus. The trial court issued an order supporting Dixon's motion and request: "IN RESPONSE TO [DEFENDANT'S] MOTION FOR 174 [DAYS] CREDIT FOR TIME SERVED, SUBMITTED ON 10/12/05, COURT SENDS DOC TIME RELEASE & [DEFENDANT] COPY OR ORIGINAL MITT, *WHICH DID AWARD [DEFENDANT] 174 [DAYS] [CREDIT]*." (Emphasis added.)

This order can only be interpreted to mean that the trial court awarded Dixon 174 days presentence confinement credit to his eight-year sentence because of the context and wording contained therein. The trial court issued the order in the context of Dixon petitioning for intervention. The order responded to this motion by stating the mittimus "did award Defendant 174 days credit." Any other interpretation renders the trial court's order meaningless.

The DOC may not choose to ignore a final sentence by the trial court. Maj. op. at 1177; *see Ostuni*, 58 P.3d at 536 (Martinez, J. dissenting). Absent an appeal, when the trial court mandates how to credit presentence confinement, the DOC cannot later argue the order was illegal and refuse to apply it as written. *People v. Grangruth*, 990 P.2d 697, 700–01 (Colo.1999); *Meredith v. Zavaras*, 954 P.2d 597, 603 (Colo.1998); *Bullard v. Dep't of Corr.*, 949 P.2d 999, 1002 (Colo.1997). *See Ostuni*, 58 P.3d at 535–36 (Martinez, J. dissenting). Here, the mittimus and trial court order mandate that 174 days of presentence confinement be credited to Dixon's attempted aggravated robbery sentence. The DOC cannot disregard this final order.

**II.**

The majority goes beyond incorrectly interpreting the mittimus and establishes as a matter of law that a court's grant of presentence confinement credit has no independent meaning, but may be interpreted and applied as the DOC deems appropriate. Maj. op. at 1177–78. By indicating that the DOC is statutorily required to apply the law under section 18–1.3–405 and the trial court is only empowered to make the factual determination of the number of days a defendant was confined prior to sentencing, the majority opinion gives the DOC the unfettered authority to decide whether to give presentence confinement credit as ordered by the sentencing court. Maj. op. at 1177–78. Under the majority's holding, a defendant's only avenue for review of the decision of the DOC is an original proceeding.

The majority opinion is contrary to our precedent. We previously stated that the "power to decide the law and to impose sentences is necessarily a judicial function." *Grangruth*, 990 P.2d at 701. Thus, the trial

court has the authority to determine a defendant's actual sentence by imposing a term of imprisonment and subtracting presentence confinement credit. The DOC, as an executive agency, is not empowered to review a final sentence and must apply the sentence as imposed by the trial court. *See id.* Even if the sentencing court's interpretation of section 18–1.3–405 is erroneous and a defendant's sentence is illegal, the DOC must appeal that sentence, not simply refuse to apply the trial court's order.

## III.

In this case, the DOC ignores the directive of the mittimus and the trial court's subsequent order. The majority opinion sanctions this failure by presuming the sentencing court did not intend to exceed its authority under section 18–1.3–405. The majority further holds that a trial court's determination of presentence confinement credit has no meaning until the DOC applies it to a particular defendant's sentence, which removes the authority to proscribe a defendant's actual sentence from the court and gives it to the DOC. For the reasons expressed above, I respectfully dissent.

I am authorized to state that Justice BENDER joins in this dissent.