**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Russell D. ROY, Defendant–Appellant.**

**No. 08CA1204.**

Colorado Court of Appeals, Div. I.

June 10, 2010.

Certiorari Dismissed Sept. 23, 2010.

John W. Suthers, Attorney General, Susan E. Friedman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Kathleen A. Lord, Senior Appellate Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Russell D. Roy, appeals the district court's order denying his third post-conviction motion for additional presentence confinement credit. We affirm.

## I. Background

In 1999, Roy was charged with multiple drug offenses in two cases—Case No. 99CR321 and Case No. 99CR867. Under a plea agreement that disposed of both cases, Roy pleaded guilty to one count of possession with intent to distribute a schedule II controlled substance, a class three felony, in each case in exchange for dismissal of all other charges. In 2000, the district court sentenced Roy to consecutive terms of eight years in the Department of Corrections (DOC), suspended on the condition that he successfully complete two consecutive terms of eight years of probation and two concurrent terms of six months in jail with work release.

Roy violated his probation by committing another drug-related offense on December 27, 2002, for which he was charged in Case No. 02CR1373.

On January 13, 2005, the district court revoked Roy's probation in Case Nos. 99CR321 and 99CR867 and sentenced him to concurrent terms of six years each in the DOC. On that date, the court also sentenced Roy to a term of nine years in the DOC in Case No. 02CR1373 to be served consecutively to the sentences in the first two cases. At the time of sentencing, the court awarded him credit for time served for one day in Case No. 99CR321, twenty-nine days in Case No. 99CR867, and 269 days in Case No. 02CR1373.

On March 2, 2005, the court granted Roy's request for "presentence confinement credit" of 181 days and 208 days, respectively, in Case Nos. 99CR321 and 99CR867 for time served in community corrections.

On June 2, 2005, Roy filed a motion for additional presentence confinement credit in all three cases. In that motion, Roy asserted that he was on probation in Case No. 99CR867 when he "caught another case and subsequent to that, warrants were issued on the probation and the new case(s)" and that, therefore, he was arrested on "[all] criminal matters and was incarcerated for them [all] at the same time." He asked the court to award him additional credit of 269 days for presentence confinement from April 20, 2004, to January 15, 2005. On July 7, 2005, the district court denied Roy's request, finding "[p]revious motion on presentence confinement was already granted." Roy did not appeal that ruling.

Then, on April 28, 2008, Roy filed a request for additional presentence confinement credit in Case Nos. 99CR321 and 99CR867. As relevant here, Roy asserted that he had not received credit for 267 days from April 21, 2004, to January 13, 2005 (when he was "again arrested for probation violation and held in custody" until sentencing). On May 16, 2008, the district court denied the request, finding that a "similar request was made in 2005 and denied on [July 7, 2005]." Roy now appeals that order.

## II. Presentence Confinement Credit

Roy contends the district court erred by denying his motion for an additional 267 days of presentence confinement credit. We disagree.

### A. Procedural Issues and Standard of Review

As an initial matter, the People contend Roy is, in effect, attempting to appeal the district court's order dated July 7, 2005.

They argue we lack jurisdiction to review the July 7, 2005, order and that, in any event, it is an abuse of process for Roy to seek review of the 2005 order at this time. We agree that Roy's failure to timely appeal the 2005 order prevents our review of that order. *See* C.A.R. 4(b)(1) (appeal must be filed within forty-five days after date of judgment or order from which appeal is taken).

■ As to the 2008 order, citing *People v. Abeyta*, 923 P.2d 318, 320 (Colo.App.1996), and quoting a prior version of Crim. P. 35(c)(3), the People contend the district court properly denied Roy's 2008 motion for presentence confinement credit because it was successive. However, based on the 2004 amendments to Crim. P. 35, we conclude that postconviction claims for presentence confinement credit are cognizable under Crim. P. 35(a), and the procedural bars to Crim. P. 35(c) proceedings do not apply. *See* Crim. P. 35(c)(3).

■ Under section 18–1.3–405, C.R.S. 2009,

[a] person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus.

Trial courts thus have no discretion to grant or deny presentence confinement credit, and their only function is to determine the amount of presentence confinement credit to which a defendant is statutorily entitled. *Edwards v. People*, 196 P.3d 1138, 1144 (Colo.2008); *People v. Dempsey*, 624 P.2d 374, 375 (Colo.App.1981). Whether a defendant in any particular case is entitled to presentence confinement credit depends, as a matter of law, on whether the applicable statutory scheme authorizes such credit. *See generally People v. Wallin*, 167 P.3d 183, 191 (Colo.App.2007). Similarly, whether a defendant is statutorily entitled to credit that has not been awarded against his or her sentence presents a question of whether the sentence is contrary to the statutory scheme and thus is "not authorized by law." Such an error is subject to correction under Crim. P. 35(a). *See People v. Wenzinger*, 155 P.3d 415, 418 (Colo.App.2006) (comparing Crim. P. 35(a) and (c) generally). We review de novo whether a defendant is entitled to presentence confinement credit. *See Wallin*, 167 P.3d at 191.

We note that, prior to 2004, there was some overlap between Crim. P. 35(a) and (c). *See People v. Collier*, 151 P.3d 668, 671 (Colo. App.2006); *People v. Green*, 36 P.3d 125, 127–28 (Colo.App.2001); *People v. Talley*, 934 P.2d 859, 860 (Colo.App.1996). Specifically, prior to 2004, Crim. P. 35(a) stated:

Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

Prior to 2004, Crim. P. 35(c)(2)(IV) provided for postconviction review based on an allegation

[t]hat the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law.

At that time, claims for presentence confinement credit could have been filed, and were reviewed on appeal, under both Crim. P. 35(a) and (c). *See, e.g., Massey v. People*, 736 P.2d 19, 20 (Colo.1987) (review of order denying Crim. P. 35(a) motion); *People v. Freeman*, 735 P.2d 879, 880 (Colo.1987) (same); *People v. McGraw*, 30 P.3d 835, 839 (Colo.App.2001) (in interest of judicial economy, electing to consider defendant's contention that court erred by not awarding presentence confinement credit as a Crim. P. 35(c) motion that sentence is not in accordance with the law); *People v. Fitzgerald*, 973 P.2d 708, 710 (Colo.App.1998) (motion filed under both Crim. P. 35(a) and (c), citing Crim. P. 35(a) in connection with claim for presentence confinement credit). Also, at that time, the "successive" language on which the People rely could have buttressed a trial court's denial of a presentence confinement claim filed under Crim. P. 35(c).

However, the amendments to Crim. P. 35, effective July 1, 2004, eliminated the overlap between Crim. P. 35(a) and (c). In 2004,

Crim. P. 35(c)(2)(IV) was repealed, and Crim. P. 35(a) was amended to state:

> Correction of Illegal Sentence. The court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

In *Wenzinger*, the division interpreted this amended rule to mean that a sentence is not authorized by law under Crim. P. 35(a) "if it is 'inconsistent with the statutory scheme outlined by the legislature.'" *Wenzinger*, 155 P.3d at 418 (quoting *People v. Rockwell*, 125 P.3d 410, 414 (Colo.2005)). In so doing, the *Wenzinger* division contrasted such circumstances with those where a defendant asserts that a sentence is imposed in an illegal manner or imposed in violation of the Constitution, which claims would be properly filed under the second part of Crim. P. 35(a) or Crim. P. 35(c), respectively.

Here, Roy does not contend that his sentence was imposed in an illegal or unconstitutional manner. Rather, he asserts that he was not given presentence confinement credit to which he is "entitled" under section 18–1.3–405, and thus his sentence is "not authorized by law."

Since *Wenzinger* concluded that the amended version of Crim. P. 35(a) merely codifies case law defining "illegal sentence," we conclude that prior cases holding that presentence confinement claims were properly brought under the prior version of Crim. P. 35(a) dictate that presentence confinement challenges should be brought under the current Crim. P. 35(a). *See Massey*, 736 P.2d at 20; *Freeman*, 735 P.2d at 880; *McGraw*, 30 P.3d at 839. Accordingly, we conclude Roy's motion was properly filed under Crim. P. 35(a) and reject the People's argument that his motion was successive under Crim. P. 35(c)(3).

■ The People also contend the motion was properly denied based on an abuse of process. While the law of the case doctrine may be used to determine whether successive Crim. P. 35(a) motions should be procedurally barred under some circumstances,

*see People v. Tolbert*, 216 P.3d 1, 5–6 (Colo. App.2007), we will not consider the affirmative defense of abuse of process because the People did not raise it in the district court and there is no support for it in the record before us. *See People v. Sherman*, 172 P.3d 911, 915 (Colo.App.2006).

### B. Review on the Merits

■ A person confined for an offense prior to the imposition of sentence for that offense is entitled to credit against the term of his or her sentence for the period of such confinement. § 18–1.3–405. In determining whether a defendant should receive credit for a particular period of presentence confinement, the court considers whether the confinement was actually caused by the charge or conduct for which the offender is to be sentenced. *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985). Although the case for which credit is sought need not be the exclusive basis for the confinement, there must be a substantial nexus between the case and the confinement. *Id.*

■ Where two or more charges form multiple bases for a defendant's presentence confinement, the defendant is entitled to credit against each sentence imposed on those charges, provided that the credit would not be duplicative. *Massey*, 736 P.2d at 23. "A 'substantial nexus' in that context means that the defendant would have remained confined in the same judicial district on the charge for which credit is sought in the absence of any other charge." *Id.; see also Fitzgerald*, 973 P.2d at 710. Where the record shows that a particular period of presentence confinement is not attributable to the charge or conduct for which a sentence is to be imposed, the offender is not entitled to credit for that period. *Schubert*, 698 P.2d at 796.

Roy contends he is entitled to presentence confinement credit against his sentences in Case Nos. 99CR321 and 99CR867 for the period between April 21, 2004, and January 13, 2005. He was arrested in Teller County on April 21, 2004, for crimes committed there. Also, it appears that Roy was served with arrest warrants on April 21, 2004, for his probation violations in Case Nos. 99CR321 and 99CR867 (and for the crimes

committed in Case No. 02CR1373). The parties disagree whether there was a substantial nexus between his confinement from April 21, 2004, to January 13, 2005, and the cases for which he seeks presentence confinement credit.

Assuming without deciding that, when Roy was served with warrants for the probation violations in Case Nos. 99CR321 and 99CR867 on April 21, 2004, those warrants created a substantial nexus between the charges or conduct in those cases and his confinement until he was sentenced in those cases on January 13, 2005, we conclude Roy was already awarded presentence confinement credit for that period in Case No. 02CR1373. The sentence in Case No. 02CR1373 was imposed to run *consecutively* to the sentences in Case Nos. 99CR321 and 99CR867. "Generally, when consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment." *People v. Johnson,* 797 P.2d 1296, 1298 (Colo. 1990) (statutory provision that entitles defendants to presentence confinement credit for all periods of presentence imprisonment actually caused by the conduct that forms the basis of the sentence was not intended to provide the defendant with duplicative sentence credit).

Awarding Roy credit in Case Nos. 99CR321 and 99CR867 also would shorten his overall sentence, and the credit would be duplicative of the credit he received in Case No. 02CR1373. *See People v. Etts,* 725 P.2d 73, 74 (Colo.App.1986) ("[I]n the case of concurrent sentences ... the period of presentence confinement should be credited against each sentence.... Therefore, defendant will be assured of receiving full credit for his presentence confinement against the total term of imprisonment *without resulting in duplicative sentencing credit as would occur with consecutive sentences.*" (emphasis added)); *see also Massey,* 736 P.2d at 21 ("where *concurrent sentences* are imposed, periods of presentence confinement may be credited for each charge that was an actual cause of the defendant's incarceration prior to the imposition of the sentence" (emphasis added)); *Schubert,* 698 P.2d at 795 ("When consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment."). A defendant is not entitled to duplicative credit. *Massey,* 736 P.2d at 21.

Accordingly, we affirm the district court's order denying Roy's request for additional presentence confinement credit, although for reasons different from those expressed by the district court. *See People v. Aarness,* 150 P.3d 1271, 1277 (Colo.2006); *White v. Rickets,* 684 P.2d 239, 242 (Colo.1984).

Finally, recognizing that Case No. 02CR1373 is not before us for review, the People nonetheless contest the amount of credit Roy received and, also, contend he should not have received credit in that case because it involved a "subsequent conviction." *See* § 18–1.3–405 (if defendant is "serving a sentence or is on parole for a previous offense when he or she commits a new offense" and continues to serve sentence for previous offense while charges on new offense are pending, "credit given for presentence confinement ... shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense"); *People v. Dixon,* 133 P.3d 1176, 1177–78 (Colo.2006).

Because it is not before us for review, we will not comment on the appropriateness of the presentence confinement credit awarded in Case No. 02CR1373. We note, however, that Roy was not serving a sentence in Case Nos. 99CR321 and 99CR867 when he committed the new offenses in Case No. 02CR1373 and in Teller County. Rather, he was on probation in Case Nos. 99CR321 and 99CR867 when he committed the new offenses. *See Beecroft v. People,* 874 P.2d 1041, 1045 (Colo.1994) (sentence to probation is not a form of incarceration); *cf. People v. Norton,* 63 P.3d 339, 344 (Colo.2003) (mandatory parole is part of an offender's sentence).

The order is affirmed.

Judge HAWTHORNE and Judge FURMAN concur.