Court of Appeals No. 14CA2487
Pueblo County District Court No. 13CR1769 Honorable Victor I. Reyes, Judge
The People of the State of Colorado, Plaintiff-Appellee,
v.
Michael Alan Fransua, Defendant-Appellant.
ORDER AFFIRMED IN PART AND REVERSED IN PART 
AND CASE REMANDED WITH DIRECTIONS
Division I 
Opinion by JUDGE FOX 
Taubman, J., concurs 
Miller, J., concurs in part and dissents in part
Announced May 19, 2016
Cynthia H. Coffman, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee
Douglas K. Wilson, Colorado State Public Defender, Rachel K. Mercer, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant
 
¶ 1Defendant, Michael Alan Fransua, appeals the order of the district court sentencing him to five years in the custody of the Department of Corrections (DOC), less 162 days of presentence confinement credit (PSCC). We affirm in part and reverse in part. I. Background
¶ 2 Because this case resolves issues concerning the calculation of 
PSCC, we review the relevant dates in detail. On October 25, 2013, Fransua was arrested after an altercation with his former girlfriend in her home. He was charged with first degree criminal trespass of a dwelling, second degree burglary, third degree assault, and harassment (the 2013 charges). Fransua was released on bond on December 5, 2013. Among other conditions, his bond prohibited him from consuming alcohol and contacting his former girlfriend pursuant to a protection order.
¶ 3 On March 1, 2014, a police officer was dispatched to the 
former girlfriend’s home. The former girlfriend reported that Fransua was inside the home and would not leave. The officer then spoke with Fransua and noted the odor of alcohol on his breath. The officer arrested Fransua and charged him with trespass and violating bail bond conditions and the protection order (the 2014 charges).
¶ 4 Fransua ultimately pleaded guilty to attempted burglary 
arising from the 2013 case in exchange for dismissal of all the other 2013 and 2014 charges. On June 16, 2014, he was sentenced to five years in community corrections. Fransua served this sentence until September 23, 2014, when he walked away from the community corrections facility. He was arrested on October 19, 2014. On November 10, 2014, Fransua was resentenced to five years in DOC custody.
¶ 5 At the resentencing hearing, the court stated that Fransua 
“only is entitled to presentence confinement credit for time served on the case that he is being sentenced on.” The court found that Fransua was in custody on the relevant charges from October 25, 2013, to December 5, 2013; June 16, 2014, to September 23, 2014; and October 19, 2014, to November 10, 2014, the date he was resentenced. Accordingly, the court awarded Fransua 162 days of PSCC, but declined to award him credit for the period from March 1, 2014, to June 16, 2014, which totals 108 days.
 
¶ 6 Fransua contends that the court erred by declining to award him PSCC for his March 1, 2014, to June 16, 2014, period of confinement and by miscalculating the number of days for which he is otherwise entitled to PSCC.
Law and Analysis
¶ 7 We review whether a district court properly awarded PSCC de 
novo. People v. Wentling, 2015 COA 172, ¶ 47. A sentencing court does not have discretion to grant or deny PSCC. Edwards v. People, 196 P.3d 1138, 1144 (Colo. 2008). Rather, “[a] person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement.” § 18-1.3-405, C.R.S. 2015. The defendant bears the burden of establishing entitlement to PSCC. People v. Freeman, 735 P.2d 879, 881 (Colo. 1987).
PSCC for March 1, 2014, to June 16, 2014, Confinement
¶ 8 The original mandatory PSCC statute did not include an 
explicit causation link between presentence confinement and the sentence imposed: A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted by the department of corrections.
Ch. 157, sec. 7, § 16-11-306, 1979 Colo. Sess. Laws 665-66. In Schubert v. People, 698 P.2d 788, 793 (Colo. 1985), the supreme court supplied this link by construing the statute as “intended to create a statutory entitlement to credit only with respect to the presentence confinement served in connection with the charge or conduct for which a particular sentence is imposed.” Id. (emphasis added). The court held that “there must be a substantial nexus between [the] charge or conduct and the period of confinement for which credit is sought.” Id. at 795 (emphasis added).
¶ 9 The following year, the General Assembly amended the first 
sentence of the statute to establish an explicit causation requirement: “A person who is confined FOR AN OFFENSE prior to the imposition of sentence FOR SAID OFFENSE is entitled to credit against the term of his sentence for the entire period of such confinement.” Ch. 124, sec. 3, § 16-11-306, 1986 Colo. Sess. Laws 734. Thus, under the amended statute, in order to qualify for PSCC, a defendant must have been confined for an offense before the imposition of the sentence for that same offense.
¶ 10 Some subsequent decisions of the supreme court applying the amended mandatory PSCC statute have required that the substantial nexus exist between the period of confinement for which credit is sought and the charge for which a defendant is sentenced, without reference to the conduct. See Beecroft v. People, 874 P.2d 1041, 1044 (Colo. 1994) (“In order to receive presentence-confinement credit, an offender must have been actually confined and there must have been a substantial nexus between the confinement and the charge for which the sentence is ultimately imposed.”) (emphasis added); People v. Hoecher, 822 P.2d 8, 12 (Colo. 1991) (same). Other decisions have continued to use the charge or conduct language. See Brinklow v. Riveland, 773 P.2d 517, 521 (Colo. 1989) (requiring a substantial nexus between the charge or conduct for which a sentence is imposed and the period of confinement for which credit is sought); People v. Roy, 252 P.3d 24, 28 (Colo. App. 2010) (The court must consider “whether the confinement was actually caused by the charge or conduct for which the offender is to be sentenced.”) (emphasis added); see also People v. Torrez, 2012 COA 51, ¶¶ 21-37 (cert. granted Aug. 5, 2013). We need not resolve this apparent inconsistency because we determine that, even under the more expansive charge-or-conduct standard, Fransua is not entitled to PSCC for the March 1, 2014, to June 16, 2014, period of confinement.
¶ 11 Under Schubert, in determining whether a defendant should receive credit for a particular period of presentence confinement under the substantial nexus test, the court considers whether the confinement was actually caused by the charge or conduct for which the offender is to be sentenced. 698 P.2d at 795; Roy, 252 P.3d at 28. Put another way, a defendant is entitled to PSCC if the period of confinement was attributable to the sentence imposed. People v. Fitzgerald, 973 P.2d 708, 711 (Colo. App. 1998). We undertake this analysis to ensure that “the presentence deprivation of liberty is not attributable to the offender’s financial inability to post bail in the case in which the sentence is ultimately imposed, but to a criminal matter which constitutes a separate and independent cause of his confinement.” Schubert, 698 P.2d at 794 (emphasis added).
¶ 12 Fransua argues that he should receive PSCC for the 2014 confinement because his 2014 violation of bail bond conditions charge is “inextricably linked” to the 2013 burglary charge that resulted in the imposition of the bond conditions. Fransua’s claim ultimately fails because he was confined from March 1, 2014, to June 16, 2014, on charges and conduct that are independent and distinct from the 2013 burglary charge, and no substantial nexus exists between them.
¶ 13 First, there is no substantial nexus between Fransua’s confinement and his 2013 burglary charge because his 2013 bail bond was never revoked, and there is no evidence in the record indicating that he or the prosecutor requested a revocation after Fransua was charged with violating bail bond conditions. Because Fransua’s bail bond was still in place during the relevant time period, he was not returned to jail on March 1, 2014, for the 2013 charges. Rather, he was confined during the relevant time period only on the 2014 charges.[1] Thus, in the absence of the 2014 charges, Fransua would not have remained confined during the relevant period on the burglary charge for which he was ultimately sentenced, and the burglary charge would not have prevented his release in the absence of the second set of charges.
¶ 14 Second, there is also no substantial nexus between Fransua’s confinement and the conduct that resulted in the 2013 burglary charge. Fransua’s 2014 appearance at, and his refusal to leave, his former girlfriend’s home is a criminal transaction — trespass — that is separate and distinct from the 2013 charges. This is not negated by the fact that the 2014 event was illegal for the additional reason that Fransua’s earlier act resulted in the imposition of bail bond conditions, which he thereby violated. See People v. Emig, 676 P.2d 1156, 1160-61 (Colo. 1984) (“The separate character of the [two criminal] transactions negates any arguable claim to credit for presentence confinement.”).[2]
¶ 15 Therefore, Fransua is not entitled to PSCC for his March 1, 2014, to June 16, 2014, period of confinement.
Calculation of Presentence Confinement Credit
¶ 16 Fransua next argues that, for the two periods of confinement for which he was credited (October 25 to December 5, 2013, and October 19 to November 10, 2014), the district court miscounted the number of days for which he should receive PSCC. We agree.
¶ 17 The People argue that Fransua did not preserve this argument, and we must, therefore, review it for plain error. However, a defendant may raise a claim that his sentence was not authorized by law at any time. See Roy, 252 P.3d at 27; see also Crim. P.35(a); People v. Bassford, 2014 COA 15, ¶ 27. “An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the legislative scheme that has been established by the legislature.” People v. Torrez, 2013 COA 37, ¶ 29. A claim for PSCC is cognizable under Crim. P. 35(a) as a sentence not authorized by law. See Roy, 252 P.3d at 27.
¶ 18 Fransua’s argument here requires us to interpret the relevant statute, which we review de novo. People v. Jenkins, 2013 COA 76, ¶ 12. Fransua argues that he is entitled to 164 days of PSCC, not 162 as the court calculated, because the court incorrectly failed to count the first days of his 2013 and second 2014 jail confinements. In support of this argument, Fransua points to People v. Houston, 2014 COA 56, ¶ 15. There, a division of this court determined that “the entire period” of confinement in section 18-1.3-405 includes the first and last days of confinement. Id. (citation omitted); see also 15 Robert J. Dieter & Nancy J. Lichtenstein, Colorado Practice Series: Criminal Practice and Procedure § 20.24 (2d ed. 2015).
¶ 19 Although the People’s statement that the Houston division’s opinion did not consider section 2-4-108(1), C.R.S. 2015, which provides, “[i]n computing a period of days, the first day is excluded and the last day is included,”[3] is accurate — neither party in Houston referenced that provision — we disagree with the People that Houston was incorrectly decided. Even considering section 2-4-108(1), we choose to follow Houston because (1) section 2-4­108(1) irreconcilably conflicts with section 18-1.3-405, (2) section 18-1.4-405 is the more specific statute, and (3) section 18-1.3-405 was enacted after section 2-4-108(1). See § 2-4-205 (“If the conflict between [two] provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.”).
¶ 20 In construing a statute, our primary task is to give effect to the intent of the General Assembly in adopting it. Ma v. People, 121 P.3d 205, 210 (Colo. 2005). To do this, we generally only look to a statute’s plain language and interpret the words based on their commonly accepted meanings. Jenkins v. Panama Canal Ry. Co., 208 P.3d 238, 241 (Colo. 2009). However, on occasion we look to a statute’s legislative history to determine the General Assembly’s intent. For example, when a statute’s language is ambiguous, we may turn to its legislative history. City of Florence v. Pepper, 145 P.3d 654, 657 (Colo. 2006). Likewise, when attempting to harmonize two seemingly conflicting statutes, we may also utilize the statutes’ legislative histories. Id.
¶ 21 The PSCC statute, section 18-1.3-405, entitles a defendant to 
credit for “the entire period” of eligible presentence confinement. Although the statute does not specify the starting and ending days of confinement, we are persuaded by the rationale in Houston, where the division concluded that, because the legislature used the words “entire period of such confinement,” any PSCC calculation must include the first day of confinement and the last day of confinement. Houston, ¶ 15 (relying on People v. Chavez, 659 P.2d 1381, 1384 (Colo. 1983), for the proposition that if a statute can have two possible meanings “the construction that will entitle the prisoner to release at the earlier time should be adopted”) (citation omitted); see also Webster’s Third Int’l Dictionary 758 (2002) (defining “entire” as “with no element or part excepted: whole, complete”). The language of section 2-4-108(1), a generic statute of general applicability, does not alter our analysis. See § 2-4-205.
¶ 22 Not only is section 18-1.3-405 more specific than section2-4-108(1), but the operative language of section 18-1.3-405 — providing for entitlement to “credit . . . for the entire period of such confinement” — was also more recently enacted. See id. at 242 (recognizing that a statute with the more recent effective date prevails). Section 2-4-108(1) was added to Colorado law in 1973, and the above-quoted language in section 18-1.3-405 first appeared in Colorado law in 1979. Compare Ch. 406, sec. 1, § 135-1-108 1973 Colo. Sess. Laws 1423, with Ch. 157, sec. 7, § 16-11-306 1979 Colo. Sess. Laws 665.[4] In construing these statutes, we assume that the legislature is aware of its prior enactment and, by passing the later statute, intended to supplant the existing statutory provision (here, insofar as the PSCC is concerned). Jenkins, 208 P.3d at 242.
¶ 23 Accordingly, the district court incorrectly awarded Fransua only 162 days of presentence confinement. Because Fransua is entitled to two additional days of credit, we remand to the trial court so that the appropriate PSCC can be effectuated.
III. Conclusion
¶ 24 The order is affirmed in part and reversed in part. The case is remanded so that the trial court may correct Fransua’s PSCC. JUDGE TAUBMAN concurs.
JUDGE MILLER concurs in part and dissents in part.
 
JUDGE MILLER, concurring in part and dissenting in part.
¶ 25 I concur with Parts I and II.A of the majority opinion, and I also agree with the majority’s conclusion in Part II.B that Fransua preserved his argument that the district court miscounted the number of days for which he should receive PSCC. But I respectfully dissent from the remainder of the opinion because, in my view, Fransua is not entitled to credit for the first partial days of the two relevant periods of presentence confinement.
¶ 26 The majority follows People v. Houston, 2014 COA 56, ¶ 15, for the proposition that the “entire period of confinement” for PSCC includes both the first and last days of confinement. However, we are not bound by the decisions of other divisions of this court. People v. Smoots, 2013 COA 152, ¶ 21 (cert. granted in part June 30, 2014). I would decline to follow Houston and not grant Fransua PSCC for the days on which his confinements commenced because I conclude that the Houston approach does not properly harmonize sections 2-4-108(1) and 18-1.3-405, C.R.S. 2015, and thus is inconsistent with the intent of the General Assembly.
¶ 27 I begin with two important principles of statutory construction. First, when construing statutes courts must ascertain and effectuate the legislative intent from the plain statutory language. People v. Frazier, 77 P.3d 838, 839 (Colo. App. 2003). Second, courts must interpret statutes in harmony where possible to give effect to each and to avoid conflict between them. People v. Jenkins, 2013 COA 76, ¶ 49; People in Interest of P.C., 80 P.3d 942, 944 (Colo. App. 2003).
¶ 28 In my view, the two statutes can reasonably be harmonized. The PSCC statute, section 18-1.3-405, entitles a defendant to credit for “the entire period” of eligible presentence confinement. Although the statute does not dictate which segments of time courts must use for calculating that period, our supreme court measures PSCC in increments of days. See Edwards v. People, 196 P.3d 1138, 1139 (Colo. 2008) (Under the PSCC statute, “the number of days that an offender spends in jail before sentencing is deducted from the offender’s ‘sentence.’”) (emphasis added). As construed by the supreme court, then, the “period” referenced in section 18-1.3-405 is measured in days. Section 2-4-108(1) provides the method of computing a period of days when construing statutes. Thus, reading the two statutes in harmony, I conclude that section 2-4-108(1) provides the proper method for computing a defendant’s PSCC. Accordingly, the first day of each of defendant’s presentence confinements should not be included in the period for which he is credited with PSCC.
¶ 29  This interpretation of section 18-1.3-405 effectuates the legislative intent as expressed in the statute and interpreted by the supreme court. The original PSCC statute gave judges discretion whether to award PSCC: “[i]n sentencing a defendant to imprisonment the sentencing judge shall take into consideration that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced.” Ch. 44, sec. 1, § 39–11–306, 1972 Colo. Sess. Laws 249. Under this version of the statute, a defendant was not entitled to PSCC. Schubert v. People, 698 P.2d 788, 793 (Colo. 1985). Thus, the statute “was consistently construed by [the supreme] court to mean that a sentencing judge . . . was not required to actually grant the defendant credit for such confinement.” Id. (citing cases).
¶ 30 This all changed in 1979 when the General Assembly amended the PSCC statute to make the award of all PSCC mandatory. The new statute provided that “[a] person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement.” Ch. 157, sec. 7, § 16-11-306, 1979 Colo. Sess. Laws 665–66. This statutory language has remained substantially identical to the present day. See § 18-1.3-405.
¶ 31 In Schubert, the supreme court analyzed the new statute and explained that the problem it addressed was the unequal treatment of indigent offenders who, due to their inability to post bail and the statutory discretion reposed in sentencing courts to grant or refuse credit for presentence confinement, would serve longer periods in jail than their wealthier counterparts who were able to avoid presentence confinement by posting bail and thereby secure their presentence freedom.
698 P.2d at 794; see also Torand v. People, 698 P.2d 797, 800 (Colo. 1985). According to the supreme court, the 1979 version of the statute cured this inequality by “expressly granting an offender ‘who is confined prior to the imposition of sentence’ a statutory entitlement ‘to credit against the term of his sentence for the entire period of such confinement.’” Schubert, 698 P.2d at 794; accord Torand, 698 P.2d at 800. Thus, no longer could sentencing courts refuse to grant PSCC credit or grant only part of it.
¶ 32 Thus, by placing the language in the PSCC statute entitling a defendant to PSCC for the “entire period” of the relevant confinement, the General Assembly manifested the intent to eliminate the sentencing judge’s discretion in awarding PSCC and to ensure that a defendant receives all of the PSCC to which he is entitled. There is no indication in either the PSCC statute or Schubert that, merely by including the words “entire period” in the statute, the General Assembly intended to abrogate the standard statutory method for counting days set forth in section 2-4-108(1). As the majority points out, section 2-4-108(1) was enacted several years before the operative language was added to the PSCC statute. See Ch. 406, sec. 1, § 135-1-108(1), 1973 Colo. Sess. Laws 1423. Courts presume that the General Assembly is aware of the law in existence when it enacts new legislation. Anderson v. Longmont Toyota, Inc., 102 P.3d 323, 330 (Colo. 2004); In re Harte, 2012 COA 183, ¶ 24. I therefore am not persuaded that the General Assembly intended to override section 2-4-108(1) when it amended the PSCC statute to change the awarding of PSCC from discretionary to mandatory.
¶ 33  For these reasons, I conclude that (1) sections 18-1.3-405 and 2-4-108(1) are easily harmonized and therefore do not conflict; (2) section 18-1.3-405 does not override the statutory method for computing a period of days; and (3) accordingly, the trial court did not err in computing Fransua’s PSCC.

1 Violation of bail bond conditions is a charge independent of the underlying events that led to the imposition of bail bond conditions, and a defendant who violates the conditions of his bail bond is charged separately for doing so under a distinct legislative scheme. See § 18-8-212(1), C.R.S. 2015 (“A person who is released on bail . . . commits a class 6 felony . . . if he knowingly violates the conditions of the bail bond.”); People v. Serra, 2015 COA 130, ¶ 27 (the statutory scheme criminalizing bail bond conditions proscribes conduct that would endanger witnesses or victims of alleged crimes). Further, a bail bond is not automatically revoked when a defendant is charged with violation of bail bond conditions. Instead, bail bond conditions may only be modified “[u]pon application by the district attorney or the defendant” to the court. § 16-4-109(1), C.R.S. 2015.
2 Relying on Schubert v. People, 698 P.2d 788, 795-96 (Colo. 1985), Fransua argues that “if only one sentence is imposed and the other counts or cases are dismissed, ‘the defendant should be credited with the entire period of presentence confinement served in the sentencing jurisdiction against the sentence.’” However, defendant’s paraphrase omits some words, and the actual quoted language is “[i]f only one sentence is ultimately imposed and the other concurrently filed counts or cases are dismissed” defendant should receive PSCC for the period of confinement. Id. at 795 (emphasis added). The 2013 and 2014 charges in this case were not filed concurrently.
3 The division declined to apply C.R.C.P. 6(a)(1), which includes similar language; that rule applies only to civil cases. C.R.C.P. 1(a).
4 Section 135-1-108 was codified at section 2-4-108 in the 1973 codification of the Colorado Revised Statutes and section 16-11-206 was codified at section 18-1.3-405 in 2002.