24CA0442 Peo v Casper 07-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0442
Pitkin County District Court No. 17CR61
Honorable John F. Neiley, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jeremiah Daniel Casper,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

---

Philip J. Weiser, Attorney General, Erin K. Grundy, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Jeremiah Daniel Casper, Pro Se

¶ 1     Defendant, Jeremiah Daniel Casper, appeals the district court's order denying his Crim. P. 35(c) motion.  We affirm.

I.     Background

¶ 2     In 2017, while on bond in Pitkin County Case No. 17CR42[1], Casper was arrested for violation of bail bond conditions and charged in this case — Pitkin County Case No. 17CR61.  He allegedly violated a condition of his bond requiring that he not consume or possess alcohol.

¶ 3     In 2018, Casper was convicted in 17CR42 of burglary and theft.

¶ 4     On April 15, 2019, Casper pleaded guilty to violation of bail bond conditions in 17CR61 in exchange for the dismissal of three other pending Pitkin County cases.  He was sentenced the same day to one year in the custody of the Department of Corrections, to be served consecutively to his other cases in Pitkin and Eagle counties.

¶ 5     Casper appealed his convictions in 17CR42, and a division of this court reversed and remanded for a new trial.  *People v. Casper,*

---

[1] We take judicial notice of the contents of the court records in this related case.  *See People v. Sa'ra,* 117 P.3d 51, 56 (Colo. App. 2004).

(Colo. App. No. 19CA1017, Sept. 1, 2022) (not published pursuant to C.A.R. 35(e)). On remand, the prosecutor dismissed the case.

¶ 6 Two months later, Casper filed two motions in 17CR61 requesting habeas corpus relief and relief under C.R.C.P. 60 and arguing that his bail bond violation conviction was no longer equitable since the case for which he had been on bond, 17CR42, had been reversed. He asked that the conviction in 17CR61 be vacated.

¶ 7 The district court construed the motions as filed under Crim. P. 35, reasoning that habeas corpus relief and the rules of civil procedure were inapplicable. The court concluded that the plea agreement Casper entered into in this case resulted in the dismissal of multiple cases, and despite the reversal of his conviction in 17CR42, his convictions in 17CR61 could not be vacated. Thus, the court denied the motions. Casper did not appeal.

¶ 8 In February 2023, Casper requested the appointment of counsel for "the filing of 35(c) post conviction relief." Two days later, the district court denied the request, concluding that the motion "did not articulate adequate factual or legal grounds for relief."

2

¶ 9        On January 3, 2024, Casper filed a "Status Update Request Post Conviction Relief," along with an "Affidavit of rejection of plea bargain, and request for speedy trial due to newly discovered evidence."  He requested a new trial or vacatur of his conviction in 17CR61 under Crim. P. 35(c)(2)(V) based on "newly discovered evidence" that his conviction in 17CR42 had been reversed.  He also argued that the reversal of 17CR42 supported vacating his convictions in 17CR61 under C.R.C.P. 60.  Finally, he asserted that he had only recently discovered that the district court denied his request for counsel "nearly a year ago."  Casper renewed his request for the appointment of counsel and a hearing.

¶ 10       The district court denied the motion as untimely and lacking allegations of justifiable excuse or excusable neglect to excuse the late filing.  It also addressed the merits as follows:

> The violation of Casper's bond does not turn on whether the 2017CR42 [case] was reversed. The violation of his bond has nothing to do with the merits of his other criminal case. Bond is an agreement by the Defendant to obtain release from custody in a case that is on pre-conviction status pursuant to certain terms and conditions.  Compliance with the bond requirements is an independent issue unrelated to the merits of the case itself.  If Casper drank while he was on bond, a fact

which even now he does not contest, he violated a condition of his bond. For that violation he can be charged and convicted regardless of the ultimate outcome of the case for which he was placed on bond. The result would be the same even if he had been acquitted at trial rather than convicted. The violation would still remain as a stand-alone offense. His argument is transparently flawed and meritless. Moreover, he received the benefit of his plea bargain. Three other cases were dismissed, and a potentially higher sentence was avoided. There is no injustice in the outcome.

## II.     Discussion

¶ 11     Casper contends that the district court erred by denying his Crim. P. 35(c)(2)(V) motion. He reasserts his "newly discovered evidence" claim and argues that he would have filed the motion sooner had he received timely notice of the district court's denial of his request for counsel in 2023.[2] We reject Casper's contentions.

### A.     Standard of Review and Applicable Law

¶ 12     We review de novo the denial of a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14. A defendant need not set forth evidentiary support for the allegations in a Crim.

---

[2] Casper has abandoned his claim that his conviction should be vacated under C.R.C.P. 60 by not reasserting it on appeal. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, aff'd, 2021 CO 83.

P. 35(c) motion but must assert facts that if true would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). A Crim. P. 35(c) motion may be denied without an evidentiary hearing only where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 13 A defendant may challenge a conviction on the basis

> [t]hat there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice.

Crim. P. 35(c)(2)(V).

¶ 14 A Crim. P. 35(c) motion must be filed within three years of a defendant's conviction for an offense other than a class 1 felony. § 16-5-402(1), C.R.S. 2024; Crim. P. 35(c)(3)(I). If no direct appeal is sought, a conviction is final when the trial court enters judgment and sentence is imposed. *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006). But there is an exception to this time bar when the defendant's "failure to seek relief within the applicable time period

5

was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d). Newly discovered evidence can constitute justifiable excuse or excusable neglect. *People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002).

## B. Application

¶ 15 Because Casper was sentenced in this case on April 15, 2019, he had until April 15, 2022, to file Crim. P. 35(c) claims. He filed the instant motion in January 2024, almost two years too late. Casper argues that his motion is not time barred because he filed it within two years of the mandate being issued in the reversal of 17CR42. But the mandate in that case has no bearing on the timeliness of filings in this case. Thus, absent a showing of justifiable excuse or excusable neglect, his motion is time barred. *See* § 16-5-402(2)(d).

¶ 16 To the extent Casper asserts justifiable excuse or excusable neglect based on his alleged late receipt of the 2023 order denying appointment of counsel, he still fails to account for the entire time period up to the filing of his untimely claim. *See People v. Wiedemer*, 852 P.2d 424, 441 (Colo. 1993) (When deciding whether a defendant has shown justifiable excuse or excusable neglect, a

court should "consider the circumstances existing throughout the entire period from the inception of the conviction in question."). Even if he had filed his Crim. P. 35(c) motion immediately after the 2023 order was issued, the motion still would have been untimely. Recall that he had until April 15, 2022, to file Crim. P. 35(c) claims, but he did not file his request for counsel until February 2023.

¶ 17 To the extent Casper asserts justifiable excuse or excusable neglect based upon "newly discovered evidence," that claims fails because the facts Casper identifies would not require "vacation of the conviction or sentence in the interest of justice." Crim. P. 35(c)(2)(V). Casper was charged with and pleaded guilty to a violation of bail bond conditions under section 18-8-212(1), C.R.S. 2016. That statute provides that "[a] person who is released on bail bond of whatever kind, and either before, during, or after release is accused by complaint, information, indictment, . . . of any felony arising from the conduct for which he was arrested, commits a class 6 felony if he . . . knowingly violates the conditions of the bail bond." *Id.* The statute contains no requirement that a defendant be convicted of the underlying charges or that those charges remain valid after a defendant accepts a guilty plea to a bail bond violation.

Indeed, "[v]iolation of bail bond conditions is a charge independent of the underlying events that led to the imposition of bail bond conditions, and a defendant who violates the conditions of his bail bond is charged separately for doing so under a distinct legislative scheme." *People v. Fransua*, 2016 COA 79, ¶ 13 n.1, *aff'd,* 2019 CO 96 (citing § 18-8-212(1), C.R.S. 2015). *See* § 18-8-212, C.R.S. 2016.

¶ 18 Because Casper's bail bond violation charge in 17CR61 was independent of the underlying charges in 17CR42, the fact that 17CR42 was reversed and then dismissed has no bearing on the conviction in 17CR61. Casper has failed to establish justifiable excuse or excusable neglect for the late filing of his motion.

¶ 19 For these reasons, we conclude that the district court did not err by denying Casper's untimely motion.[3]

---

[3] We also affirm the district court's order on the alternative basis that Casper's claims are successive, as they were or could have been raised in the two postconviction motions Casper filed in November 2022 following the reversal of his conviction in 17CR42. *See* Crim. P. 35(c)(3)(VI), (VII); *People v. Dyer*, 2019 COA 161, ¶ 39 (an appellate court may affirm on any ground supported by the record).

## C. Additional Claims

¶ 20 To the extent Casper raises issues on appeal that he did not raise in the district court — such as a claim of judicial misconduct and a claim that he was "maliciously charged and convicted" in 17CR42 and 17CR61 "to conceal police brutality" — we decline to address any such issues. *See Cali,* ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief.").

## III. Disposition

¶ 21 The order is affirmed.

JUDGE DUNN and JUDGE SCHOCK concur.