**TAXPAYERS AGAINST CONGESTION, a registered issue committee; Dennis Polhill, a registered Colorado elector; and Jon Caldara, a registered Colorado elector, Plaintiffs–Appellants,**

**v.**

**REGIONAL TRANSPORTATION DISTRICT; Adams County Clerk & Recorder; Arapahoe County Clerk and Recorder; Boulder County Clerk and Recorder; Broomfield County Clerk and Recorder; Denver Election Commission; Douglas County Clerk and Recorder; Jefferson County Clerk and Recorder; and Weld County Clerk and Recorder, Defendants–Appellees.**

No. 04CA2068.

Colorado Court of Appeals,
Div. V.

June 1, 2006.

§ 24–51–1105, C.R.S.2005.

Robert J. Corry, Jr., Denver, Colorado, for Plaintiffs–Appellants.

Marla L. Lien, Denver, Colorado, for Defendant–Appellee Regional Transportation District.

James D. Robinson, County Attorney, Jennifer D. Stanley, Assistant County Attorney, Brighton, Colorado, for Defendant–Appellee Adams County Clerk & Recorder.

Kathryn L. Schroeder, County Attorney, John E. Bush, Jr., Administrative Deputy County Attorney Littleton, Colorado, for Defendant–Appellee Arapahoe County Clerk and Recorder.

H. Lawrence Hoyt, County Attorney, Leslie Wright Lacy, Assistant County Attorney, Boulder, Colorado, for Defendant–Appellee Boulder County Clerk and Recorder.

William A. Tuthill, III, City & County Attorney, Tami J. Yellico, Deputy City & County Attorney, Broomfield, Colorado, for Defendant–Appellee Broomfield County Clerk and Recorder.

Cole Finegan, City Attorney, Victoria Ortega, Assistant City Attorney, Denver, Colorado, for Defendant–Appellee Denver Election Commission.

Lance J. Ingalls, County Attorney, Kelly Dunnaway, Assistant County Attorney, Castle Rock, Colorado, for Defendant–Appellee Douglas County Clerk and Recorder.

Frank J. Hutfless, County Attorney, Jean L. Ayars, Assistant County Attorney, Lilly W. Oeffler, Assistant County Attorney, Golden, Colorado, for Defendant–Appellee Jefferson County Clerk and Recorder.

Bruce T. Baker, County Attorney, Greeley, Colorado, for Defendant–Appellee Weld County Clerk and Recorder.

WEBB, J.

Plaintiffs, Taxpayers Against Congestion, Dennis Polhill, and Jon Caldara, appeal the trial court's order denying declaratory and injunctive relief concerning Referendum 4A, a 2004 ballot proposal for a Regional Transportation District (RTD) tax increase to build diesel rail and light rail systems. We dismiss the appeal as moot.

Taxpayers Against Congestion is an issue committee registered in opposition to Referendum 4A. Polhill and Caldara are taxpayers and registered electors in Colorado.

Defendant RTD is a regional governmental entity formed by the General Assembly. Defendants, the Adams, Arapahoe, Boulder, Broomfield, Douglas, Jefferson, and Weld County Clerks and Recorders and the Denver Election Commission, are government

officials responsible for printing and mailing ballot issue notices to voters summarizing the arguments for and against Referendum 4A.

## I.

A coalition of opponents to Referendum 4A submitted comments in opposition to the referendum to the Secretary of State for inclusion in the ballot issue notice to be mailed to eligible voters. As the designated election official for the political subdivision, RTD was responsible for summarizing the comments for and against Referendum 4A to be included in the ballot issue notice and transmitting the text of the ballot issue notice to the county clerks. *See* Colo. Const. art. X, § 20(3)(b)(v) (TABOR). The county clerks were then responsible for combining the various ballot issue notices into a single ballot notice packet for mailing to the electors in each affected county.

Shortly before the election, plaintiffs filed this action for declaratory and injunctive relief, alleging that RTD failed accurately to summarize the comments for and against Referendum 4A by including "con" comments made by a proponent masquerading as an opponent and by deleting legitimate "con" arguments. Plaintiffs requested that certain "con" statements in the ballot issue notice be deleted and that other "con" statements be added, as set forth in their complaint. Later, in light of the imminence of the initial mailing deadline, plaintiffs alternatively requested that a supplemental "con" statement be mailed to voters.

The trial court held a hearing but considered only legal arguments. Based on the pleadings and offers of proof, the court made the following factual assumptions, some of which it acknowledged RTD would contest if given the opportunity, for purposes of the preliminary proceeding: the opponent worked for an entity in favor of Referendum 4A; personally, she is in favor of the referendum; she submitted fraudulent "con" arguments in an effort to subvert the true arguments against the referendum; RTD knew she worked for a campaign supporting Referendum 4A; and nevertheless, RTD included portions of her fraudulent "con" statements in the official ballot issue notice mailed to voters.

The court observed, "[S]uch an attempt to subvert the ballot initiative process is—morally reprehensible, but obviously I—that's not the issue, it's whether there is properly a remedy under the constitution or under the statute."

The court then found that "pro and con comments related to a ballot initiative are protected political speech, and that it would be impermissible to allow a court to prevent commenters from having their comments included in the summaries" because, to prevent comments, "the court would be in the untenable position of having to determine the genuineness or good faith of those submitting comments." The court held that "[t]he First Amendment to the United States Constitution simply does not allow courts to pass judgment on the content of political speech based on the purported motives of the speaker." It denied injunctive or declaratory relief and dismissed the action.

Plaintiffs filed an appeal in this court and simultaneously requested emergency relief from the supreme court, seeking to have a supplemental "con" statement mailed to voters before the election. Citing §§ 1–1–113, 1–7–901, and 13–4–102(1)(g), C.R.S.2005, the supreme court denied plaintiffs' request for emergency relief on the merits. It stated: "Treating the request for emergency relief as an election code matter seeking an order to direct the election officials to take action to perform an asserted statutory or constitutional duty, we assume jurisdiction and deny the request for emergency relief." The case was then remanded to this court.

## II.

■ The parties agree that the 2004 general election proceeded with the allegedly tainted ballot issue notice and that Referendum 4A passed. Thus, defendants argue that any claim for injunctive or declaratory relief is moot. We agree.

## A.

■ An issue becomes moot when the relief granted by the court would not have a

practical effect on an existing controversy. Once an issue becomes moot, a court normally refrains from addressing it. *Trinidad Sch. Dist. No. 1 v. Lopez,* 963 P.2d 1095 (Colo.1998); *W–470 Concerned Citizens v. W–470 Highway Auth.,* 809 P.2d 1041 (Colo. App.1990).

■ To obtain declaratory relief, the parties must present an actual controversy. A court may refuse to render a declaratory judgment where it would not terminate the uncertainty or controversy giving rise to the proceedings. *Bd. of County Comm'rs v. Park County Sportsmen's Ranch, LLP,* 45 P.3d 693 (Colo.2002).

Here, because our determination of whether a different or supplemental "con" statement on Referendum 4A should have been issued cannot affect the 2004 election, the issue is moot.

■ Colorado recognizes two exceptions to the mootness doctrine. First, a case will not be dismissed if it presents a controversy capable of repetition yet evading review. Second, a court may consider issues involving a question of great public importance or an allegedly recurring constitutional violation. *W–470 Concerned Citizens v. W–470 Highway Auth., supra.*

But in their briefs, plaintiffs do not argue that either exception applies. We need not consider contentions raised for the first time during oral argument. *People v. Scearce,* 87 P.3d 228 (Colo.App.2003); *Curragh Queensland Mining Ltd. v. Dresser Indus., Inc.,* 55 P.3d 235 (Colo.App.2002). Accordingly, we decline to address these exceptions to the mootness doctrine.

### B.

Instead, plaintiffs assert that the case is not moot because it can be decided as a post-election challenge under §§ 1–11–213 and 1–11–214, C.R.S.2005. We disagree, for two reasons.

### 1.

We first reject plaintiffs' argument that their complaint for declaratory and injunctive relief satisfies the notice requirements of § 1–11–213(4), C.R.S.2005.

Section 1–11–213 provides the exclusive means to contest an election result and sets forth specific rules for doing so in district court. Section 1–11–213(4) states that "within ten days after the official survey of returns has been filed," the contestor "shall file . . . a written statement of the intention to contest the election." It further provides that where a "written statement of intent to contest the election is filed more than ten days after the completion of the official survey of returns, no court shall have jurisdiction over the contest."

Plaintiffs argue that their verified complaint "substantially complied" with the notice requirements to contest an election under § 1–11–213. However, the "substantial compliance" test discussed in *Bickel v. City of Boulder,* 885 P.2d 215 (Colo.1994), cited by plaintiffs, applies to TABOR compliance concerning a ballot title, not to § 1–11–213 or § 1–11–214. *See City of Aurora v. Acosta,* 892 P.2d 264 (Colo.1995). Plaintiffs cite no authority, and we have found none, interpreting the specific requirements of these statutes based on substantial compliance.

Here, plaintiffs filed their complaint before the election, and they did not cite § 1–11–213 in the trial court. The complaint does not contain a "statement of the intention to contest the election," as required by § 1–11–213(4). Instead, it states only, "A new election would be an expensive and extraordinary remedy, albeit justified, so it is critical that officials get this election right, while there is still time."

■ Apart from these pleading deficiencies, we also reject plaintiffs' assertion that a pre-election lawsuit satisfies the requirements of § 1–11–213(4) because the statute divests a court of jurisdiction over a contest filed "more than ten days after the completion of the official survey of returns." According to plaintiffs, an action commenced *before* the election satisfies the not "more than ten days after" limitation. We are not persuaded.

We must interpret the statute as a whole. *See, e.g., Woods v. City & County of Denver,* 122 P.3d 1050 (Colo.App.2005).

Section 1–11–213(4) requires that a proceeding be filed "within ten days after" election results have been certified. The word "within" means, in the context of a temporal restriction, "not longer in time than ... before the end or since the beginning of." *Webster's Third New International Dictionary* 2627 (1986). Thus, "within ten days after" imposes two sequential conditions on an election contest filing: (1) "after" certification of election results, and (2) "within" ten days. *See Cacioppo v. Eagle County Sch. Dist. Re-50J,* 92 P.3d 453 (Colo.2004). However, plaintiffs filed their action before certification of the election results.

The statute does not suggest that pre-election contests somehow morph into post-election contests, after the election, as plaintiffs argue. And, in any event, by filing their notice of appeal plaintiffs divested the trial court of jurisdiction to decide matters of substance. *See, e.g., Molitor v. Anderson,* 795 P.2d 266 (Colo.1990). Yet, after having commenced this appeal, plaintiffs did not seek remand to supplement their complaint and raise a post-election challenge following "completion of the official survey of returns."

Accordingly, mootness cannot be avoided under this statute.

2.

■ Even assuming plaintiffs' complaint could be construed as preserving a post-election claim under § 1–11–213, we would have no jurisdiction under §§ 1–11–214 and 13–4–102(1)(g).

Section 1–11–214(2), C.R.S.2005, provides: "An appeal from the judgment may be taken to the supreme court, in the same manner as other cases tried in the district court." Plaintiffs' argument that the word "may" impliedly permits a direct appeal to the court of appeals is foreclosed by § 13–4–102(1)(g). This section states that the court of appeals does not have initial jurisdiction over appeals from final judgments of the district courts in "[s]ummary proceedings initiated under arti-cles 1 to 13 of title 1 and article 10 of 31, C.R.S."

However, the section does not bar this court's jurisdiction after the supreme court has declined to exercise its initial jurisdiction. *See Zivian v. Brooke–Hitching,* 28 P.3d 970 (Colo.App.2001). Nonetheless, we discern no basis for our jurisdiction under *Zivian, supra.*

Here, plaintiffs' opening brief in the supreme court, filed concurrently with their motion for emergency relief, requested only pre-election relief: "This court should find that RTD's uncontested bad faith actions ... requires that a supplemental voter guide be funded by RTD and mailed to the voters by the County Clerks as soon as practicable." The supreme court assumed jurisdiction under § 1–1–113 and denied relief on the merits. But that court was never given the opportunity to address post-election issues or remedies, and it did not mention § 1–11–214 in accepting jurisdiction.

Hence, the supreme court's remand is not a refusal to exercise initial jurisdiction over a post-election contest case as occurred in *Zivian, supra* (court of appeals accepted jurisdiction after supreme court declined jurisdiction under § 31–10–1305, C.R.S.2005, which provides for an appeal to the supreme court in election contests).

Accordingly, we conclude that we cannot assume jurisdiction and decide this case as a post-election dispute, and therefore, we further conclude that the appeal is moot.

In light of our disposition, we need not address the parties' remaining contentions.

The appeal is dismissed.

Judge DAILEY and Judge LOEB concur.