Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
November 18, 2019

**2019 CO 96**

**No. 16SC508, *Fransua v. People*—Criminal Law—Sentencing and Punishment—Presentence Confinement Credit.**

In this case, the supreme court addresses two issues related to the calculation of a defendant's credit for presentence confinement. First, the supreme court concludes that when a defendant who is out of custody on bond in one case commits another offense and is unable to post bond in that second case, the defendant is not entitled to presentence confinement credit ("PSCC") in the first case for time spent in custody for the second case. Second, the supreme court holds that a defendant is entitled to PSCC for both the first and last days of his or her presentence confinement. Accordingly, the supreme court affirms the division's judgment and remands the case for correction of the amount of PSCC awarded to the defendant consistent with this opinion.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2019 CO 96

### Supreme Court Case No. 16SC508
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA2487

#### Petitioner/Cross-Respondent:

Michael Alan Fransua,

v.

#### Respondent/Cross-Petitioner:

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
November 18, 2019

**Attorneys for Petitioner/Cross-Respondent:**
Megan A. Ring, Public Defender
Rachel K. Mercer, Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Respondent/Cross-Petitioner:**
Philip J. Weiser, Attorney General
Brock J. Swanson, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1 Criminal defendants often spend time in jail before they are convicted of and sentenced for their crimes. When this happens, defendants are entitled to credit against their sentences for the time that they were confined before sentencing. This case presents three questions related to the calculation of a defendant's credit for presentence confinement.[1] First, when a defendant who is out of custody on bond in one case commits another offense and is unable to post bond in that second case, is he entitled to presentence confinement credit ("PSCC") in the first case for time spent in custody for the second? To that question, we answer no. Second, is a defendant entitled to PSCC for both the first and last days of his presentence confinement? To that question, we answer yes. The third

---

[1] We granted certiorari to review the following issues:

1. [REFRAMED] Whether the court of appeals properly concluded that petitioner was not entitled to 108 days of presentence-confinement credit because there was no substantial nexus between the confinement for which he sought credit and the charge or conduct for which his sentence was imposed.

2. Whether section 2-4-108(1), C.R.S. (2016), which provides that, "in computing periods of days, the first day is excluded and the last day is included," applies to the calculation of presentence-confinement credit.

3. Whether the court of appeals properly concluded that a challenge to the amount of presentence-confinement credit noted on the mittimus is a claim that the sentence was not authorized by law.

question—whether a challenge to the amount of PSCC is a claim that the sentence imposed was not authorized by law—we address in the companion case we announce today, *People v. Baker*, 2019 CO 97, __ P.3d __. In *Baker*, we hold that a challenge to the amount of PSCC is not appropriately framed as a Rule 35(a) claim that the sentence was not authorized by law because PSCC is not a component of the sentence. ¶¶ 1, 11, 19. Here, however, the defendant challenged his PSCC award on direct appeal. As a result, we affirm the decision of the court of appeals as to the first two questions.

## I. Facts and Procedural History

¶2 Two separate criminal cases give rise to the questions presented in this case. In October 2013, Michael Alan Fransua was arrested after he unlawfully entered his former girlfriend's house and assaulted her. Fransua was charged with second-degree burglary, third-degree assault, and harassment; two months later, he posted bond and was released from jail. We will refer to this as the "first case." While out on bond, in March 2014, Fransua was arrested after he again entered his former girlfriend's house and refused to leave. This time, Fransua was charged with first-degree trespass, violation of bail bond conditions, and violation of a protection order. We will refer to this as the "second case."

¶3 Although Fransua posted bond in the first case, and therefore was released from jail pending trial in that case, he was unable to post bond in the second case.

As a result, Fransua was confined from March 1, 2014 (the date he was arrested in the second case), to June 16, 2014 (the date he was sentenced in the first case). During this 108-day period of confinement, however, Fransua's bond in the first case was never revoked or modified.

¶4 Fransua resolved both cases on June 16, 2014. In exchange for a complete dismissal of the second case, as well as all original charges in the first case, Fransua pleaded guilty to a single count of attempted second-degree burglary in the first case. He was sentenced to a term of five years in community corrections as part of that plea agreement. Three months later, Fransua escaped from community corrections. Consequently, he was resentenced to a term of five years in the custody of the Department of Corrections.

¶5 During Fransua's resentencing hearing, he requested 245 days of PSCC. The district court, however, awarded him only 162 days. In making this determination, the district court considered four periods of confinement:

1. Forty-one days from October 25, 2013, to December 5, 2013. This was the period from Fransua's arrest in the first case to the date he was released on bond in the first case.

2. One hundred eight days from March 1, 2014, to June 16, 2014. This was the time from Fransua's arrest in the second case to the date he was sentenced in the first case and accepted dismissal of the second case.

3. Ninety-nine days from June 16, 2014, to September 23, 2014. This was the period from Fransua's sentence to community corrections to the date he escaped from community corrections.

4

4.  Twenty-two days from October 19, 2014, to November 10, 2014. This was the time from Fransua's arrest for escaping from community corrections to the date he was resentenced to the Department of Corrections.

¶6   The district court awarded Fransua PSCC for all of these periods of confinement, except for the 108 days that he was in custody from March 1, 2014, to June 16, 2014. In denying credit for that time period, the district court explained that the sentencing was for a guilty plea in the first case, and, during the excluded period, Fransua had been confined because of his arrest in the second case. Accordingly, the court concluded that Fransua was not entitled to PSCC in the first case for time served in the second case.

¶7   On direct appeal, Fransua challenged the amount of PSCC noted in his mittimus, arguing that he was entitled to the 108 days the court excluded at sentencing. The division disagreed and affirmed the district court's exclusion of that period of confinement in the PSCC calculation.

¶8   Also on appeal, Fransua noted for the first time that the court had not given him credit for both the first and last days of each period of confinement, and he argued that he was entitled to credit for each day that he was confined. The People responded, arguing that Fransua failed to preserve this claim for appellate review, and, therefore, it could only be reviewed for plain error. The division disagreed, concluding that "[a] claim for PSCC is cognizable under Crim. P. 35(a) as a sentence not authorized by law," which can be raised at any time. *People v.*

5

*Fransua*, 2016 COA 79, ¶ 17, __ P.3d __. On the merits, the division agreed that Fransua was entitled to PSCC for both the first and last days of each period of confinement. *Id.* at ¶¶ 16–23.

¶9 Fransua petitioned this court for certiorari on the issue of the excluded 108 days of confinement. The state cross-petitioned, questioning the applicability of Crim. P. 35(a) to the calculation of PSCC and arguing that the first day of confinement should not be included in the calculation of PSCC. We granted certiorari on the issues raised in both petitions.

## II. Analysis

¶10 We begin by articulating the controlling standard of review. Next, based on Colorado's presentence confinement statute and applicable law, we conclude that no substantial nexus existed between Fransua's confinement in the second case and Fransua's sentence in the first case. Thus, we agree with the division that Fransua was not entitled to the 108 days of PSCC for the time he served in the second case. Finally, after reviewing the plain language of the presentence confinement statute, like the division, we conclude that both the first and last days of confinement must be included in calculating PSCC.

## A. Standard of Review

¶11 "We review de novo whether a defendant is entitled to PSCC." *People v. Houston*, 2014 COA 56, ¶ 4, 411 P.3d 808, 810. We also review questions of law de

6

novo. *People v. Steen*, 2014 CO 9, ¶ 9, 318 P.3d 487, 490 ("Interpretation of a statute or rule is a question of law, which we review de novo.").

¶12 For reasons that we explain in *Baker*, the division here incorrectly concluded that Fransua could challenge the amount of PSCC he received by means of a Crim. P. 35(a) claim that his sentence was not authorized by law. Rule 35(a) claims that a sentence is "not authorized by law" are appropriate only where a defendant is challenging the legality of some component of a sentence. *Baker*, ¶ 19. PSCC is not a component of a sentence. *Id.* at ¶¶ 1, 11, 16–18. However, Fransua pursued the arguments presented here on direct appeal. This is an appropriate avenue for challenging an award of PSCC where, as here, no further factual development is required.

¶13 The People argue that Fransua only preserved one of the two claims he presented on appeal and that the second claim—that both the first and last days of confinement must be included—can be reviewed only for plain error. But preservation is not required for review of a claim on direct appeal that a defendant has not received the amount of PSCC to which he is entitled. As we explain in *Baker*, a defendant can challenge the amount of PSCC he was awarded through a post-conviction Rule 35(a) claim that the sentence was imposed "in an illegal manner." There is no preservation requirement for a Rule 35(a) claim. It makes no sense to require preservation of a claim on direct appeal when an identical

7

claim could be raised without preservation after the conclusion of the direct appeal. Fransua's PSCC claim is timely; we therefore address it on the merits.

## B. There Was No Substantial Nexus Between Fransua's Confinement and the Case on Which He Was Sentenced

¶14 Colorado's presentence confinement statute establishes in relevant part that:

> A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. The period of confinement shall be deducted from the sentence by the department of corrections.

§ 18-1.3-405, C.R.S. (2019). While the language of this provision makes it clear that a defendant is entitled to credit for the entire period that he is confined prior to sentencing, we have explained that there must be "a substantial nexus between [the] charge or conduct and the period of confinement for which credit is sought." *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985). The division found that Fransua was not entitled to the 108 days of PSCC he sought because there was no substantial nexus between Fransua's confinement in the second case and Fransua's sentence in the first case. *Fransua*, ¶¶ 10–15. We agree with this conclusion.

¶15 There are some cases for which determining whether a period of confinement should be credited against a sentence can be quite complicated, but this is not such a case. Here, Fransua posted bond in the first case. That bond was never revoked or modified. Therefore, when Fransua was subsequently arrested

8

and unable to post bond in the second case, he remained confined on the charges in the second case and that case alone.

¶16    Fransua argues that he would not have been charged in the second case with violation of bail bond conditions or violation of a protection order if the first case did not exist. This is certainly true. However, Fransua was also charged with trespass. The conduct supporting the trespass charge in the second case was separate and distinct from the conduct at issue in the first case. In other words, even if the first case had not existed, the People could have charged Fransua with trespass in the second case. Because Fransua's confinement from March 1, 2014, to June 16, 2014, can be attributed to the trespass charge in the second case—independent of the first case and of Fransua's violations related to the first case—there is not a substantial nexus between this confinement and the charges in the first case. Accordingly, he is not entitled to 108 days of PSCC for that period of confinement. This period, however, could have been credited towards any sentence imposed in the second case if that case had not been dismissed entirely as part of Fransua's plea deal. Thus, though Fransua did not receive the 108 days of PSCC, he still benefited from the disposition of his two cases.

## C. Both the First and Last Days of Confinement Must Be Included in PSCC Calculations

¶17    Reviewing the relevant statutes de novo, the division found that Fransua was entitled to PSCC for both the first and last days of each period of presentence

confinement. *Id.* at ¶¶ 16–23. We agree. The plain language of the PSCC statute requires that the defendant receive credit for "the entire period of such confinement." § 18-1.3-405.

¶18 The People argue that the specific language of the PSCC statute should be read together with the state's general time-computation statute, which provides that "[i]n computing a period of days, the first day is excluded and the last day is included." § 2-4-108(1), C.R.S. (2019). However, the People concede that subsection (2) of this general time-computation statute does not apply to PSCC. That subsection provides that a time period will be extended if the last day of that period falls on a weekend or a holiday. § 2-4-108(2) ("If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday."). It simply cannot be the case that one subsection of the statute applies to the calculation of PSCC while another does not. Accordingly, we hold that section 2-4-108(1) does not dictate the calculation of PSCC.

¶19 Instead, the plain language of the PSCC statute controls. That statute provides that "[a] person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence *for the entire period of such confinement.*" § 18-1.3-405 (emphasis added). Although the PSCC statute does not specify the start and end dates for the purpose of

10

calculating PSCC, based on the plain meaning of the word "entire," we hold that a defendant is entitled to credit for both the first and last days that he was confined. Consequently, the case should be remanded to the district court for calculation of the correct amount of PSCC.

## III. Conclusion

¶20 For the foregoing reasons, we affirm the decision of the court of appeals and remand the case for correction of the amount of PSCC awarded to Fransua consistent with this opinion.

11