23CA1260 Peo v Dobler 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1260 Jefferson County District Court No. 11CR2082 Honorable Robert Lochary, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Zachariah Clark Dobler, Defendant-Appellant. ORDER AFFIRMED Division VII Opinion by JUDGE GOMEZ Tow and Kuhn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Philip J. Weiser, Attorney General, Claire V. Collins, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Zachariah Clark Dobler, Pro Se 
1 ¶ 1 Defendant, Zachariah Clark Dobler, appeals the postconviction court’s order denying his motion to correct the mittimus regarding the amount of his presentence confinement credit (PSCC). We affirm. I. Background ¶ 2 The charged conduct in this case (the second case) occurred while Dobler was on probation for an earlier case (the first case). In the first case, Dobler pleaded guilty to a class 4 felony and served time in the Department of Corrections (DOC) before the court reconsidered his sentence and granted him probation.
1 ¶ 3 While on probation in the first case, Dobler sped through an accident scene, hitting and killing a tow truck driver. He fled the scene but was apprehended by police several blocks away. He was under the influence of alcohol at the time. ¶ 4 In this second case, Dobler was charged with vehicular homicide, leaving the scene of an accident involving death, violation of the bail bond conditions from the first case, and several other charges. He pleaded guilty to the vehicular homicide and leaving 1 We take judicial notice of the court records from the first case. See Medina v. People, 2023 CO 46, ¶ 5 n.1. 
2 the scene of an accident charges, and, in exchange, the prosecution dismissed the remaining charges. He was sentenced to twenty-four years in the custody of the DOC for each of the two counts to which he’d pleaded guilty, to be served consecutively, for a total of forty-
eight years’ incarceration. He was awarded 256 days of PSCC. ¶ 5 Dobler’s probation was later revoked in the first case, and he was resentenced to incarceration, with that sentence running concurrently to the sentence in the second case. The court granted him 343 days of PSCC in that case for the time he had served before being granted probation. ¶ 6 Over the next few years, Dobler filed various challenges to the length of his sentence in the second case. He filed a direct appeal challenging the sentence, and a division of this court affirmed the sentence. The mandate was issued in that appeal in 2016. He also filed a motion for sentence reconsideration under Crim. P. 35(b) and several motions under Crim. P. 35(a) and Crim. P. 35(c) challenging the legality of his sentence and raising ineffective assistance of counsel claims — all of which the postconviction court denied. ¶ 7 Then, in 2023, Dobler filed the underlying motion, purportedly under Crim. P. 36, requesting correction of the mittimus in the 
3 second case to reflect at least 599 days of PSCC. He argued that the 343 days of PSCC granted in the first case should also be counted against his sentence in the second case because the sentences were set to run concurrently. And, although it was “not the major issue at hand,” he also argued that the court had miscalculated the PSCC in his first case and that he was actually entitled to 352 days rather than 343. Thus, he argued, he was entitled to a total 599 days of PSCC in the second case (or 608 days, if he was granted 352 days in the first case). ¶ 8 The postconviction court denied the motion. The court concluded that Rule 36 wasn’t the proper vehicle to raise the PSCC issue because the rule concerns “clerical mistakes after conviction and sentencing, such as when . . . a mittimus does not reflect the actual sentence intending to be imposed,” yet Dobler wasn’t “alleg[ing] . . . that the mittimus incorrectly reflects the sentences as intended to be imposed by the trial court.” The court also concluded that, to the extent that Dobler intended to raise a claim under Rule 35(c), his motion was untimely. ¶ 9 Dobler filed a motion for reconsideration, which the court summarily denied. 
4 II. Presentence Confinement Credit ¶ 10 Dobler contends that the postconviction court erred by declining to grant him an additional 343 (or 352) days of PSCC, for a total of 599 (or 608) days, in the second case. We disagree. ¶ 11 We review de novo a decision to deny a postconviction motion as untimely. People v. Bonan, 2014 COA 156, ¶ 16. We also review de novo a decision on whether a defendant is entitled to PSCC. Fransua v. People, 2019 CO 96, ¶ 11. ¶ 12 PSCC refers to the time credit a person earns when they are in jail, unable to post bond, and awaiting sentencing on an offense. Edwards v. People, 196 P.3d 1138, 1139 (Colo. 2008). Under section 18-1.3-405, C.R.S. 2023, “[a] person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement.” The statute requires the court to calculate the amount of PSCC at the time of sentencing and to include that amount in the mittimus. Id. From there, the DOC deducts the PSCC amount from the defendant’s sentence. Id. ¶ 13 We agree with the postconviction court that Dobler’s motion relating to his PSCC was untimely, for three reasons. 
5 ¶ 14 First, if Dobler’s motion is construed as a Rule 35(a) motion, it was untimely. Under Rule 35(a), a challenge to an illegal sentence — that is, a sentence that “was not authorized by law or . . . was imposed without jurisdiction” — may be filed at any time. However, as relevant here, a challenge to a sentence “imposed in an illegal manner” must be filed within 126 days of the affirmance of the sentence on appeal. Crim. P. 35(a)-(b). Our supreme court has made clear that “PSCC is not part of a sentence” and, thus, that “a challenge to the amount of PSCC noted in the mittimus is not a cognizable claim that the sentence was ‘not authorized by law.’” People v. Baker, 2019 CO 97M, ¶ 19. Accordingly, although challenges to the calculation of PSCC may be brought as illegal manner claims under Rule 35(a), they are subject to the 126-day deadline. Id. at ¶ 20. But Dobler’s motion was filed well past that deadline. ¶ 15 Second, as the postconviction court explained, even if Dobler’s motion could be construed as a Rule 35(c) motion, but see People v. Roy, 252 P.3d 24, 27-28 (Colo. App. 2010), it was still untimely, as it was filed past the three-year deadline for such motions. See § 16-5-402(1), C.R.S. 2023 (collateral attacks to convictions for non-
6 class 1 felonies must be filed within three years of the conviction); Hunsaker v. People, 2021 CO 83, ¶ 13 (a “conviction” for purposes of this provision occurs once appeal rights are exhausted). As the court noted, “[n]one of the exceptions to the time limitation [on Rule 35(c) claims] . . . are either alleged by [Dobler] or applicable.” See § 16-5-402(2). ¶ 16 And third, although motions under Rule 36 may be filed at any time, we agree with the postconviction court that Dobler’s motion was not properly brought under Rule 36. ¶ 17 Rule 36 authorizes courts to correct “[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission” at any time. This rule allows a court to correct “‘errors made by the clerk’ . . . in entering a judgment or a sentence,” “as well as any ‘mistakes apparent on the face of the record, whether made by the court or counsel during the progress of the case,’” so as to ensure that “judgments and sentences are documented accurately.” People v. Wood, 2019 CO 7, ¶¶ 39-40 (quoting People v. Glover, 893 P.2d 1311, 1316 (Colo. 1995)); see also Baker, ¶ 21. But the rule “does not extend to errors that can ‘reasonably be attributed to the exercise of judicial 
7 consideration or discretion.’” Wood, ¶ 41 (quoting Glover, 893 P.2d at 1316). ¶ 18 Here, it is clear from the record that the absence of the 343 (or 352) days from the calculation of Dobler’s PSCC was not an oversight or omission. When the court at sentencing calculated Dobler’s PSCC in the second case, Dobler’s probation hadn’t yet been revoked in the first case. Thus, there would’ve been no reason to consider adding any PSCC related to the first case. As a result, any changes to the PSCC to add those additional days would not simply be a matter of correcting a clerk’s error or a mistake apparent on the face of the record but, instead, would involve the exercise of the court’s judicial consideration or discretion. See id. at ¶¶ 39-41; cf. Baker, ¶¶ 2, 21 (Rule 36 could afford a remedy where “both the parties and the court simply overlooked [the defendant’s] eighteen missing days of PSCC.”). ¶ 19 Finally, even if Dobler’s motion was appropriately brought under Rule 36 and was therefore timely, his request for PSCC in the second case for the PSCC he received in the first case fails on the merits. See People v. Cooper, 2023 COA 113, ¶ 7 (“We may affirm the postconviction court’s ruling on any ground supported by the 
8 record, whether or not the postconviction court relied on or considered that ground.”).
2 ¶ 20 In order to receive PSCC, there must be a “substantial nexus” between the charged conduct underlying the sentence and the period of confinement for which the defendant seeks credit. Schubert v. People, 698 P.2d 788, 795 (Colo. 1985). “A substantial nexus exists when the defendant would have remained confined on the charge or conduct for which credit is sought in the absence of any other charge.” Russell v. People, 2020 CO 37, ¶ 16. ¶ 21 For example, in Fransua, the defendant was arrested and charged with offenses for unlawfully entering his ex-girlfriend’s house and assaulting her. Fransua, ¶ 2. While out on bond in that first case, he again entered his ex-girlfriend’s house unlawfully and was charged in a second case with trespass, violation of the bail bond conditions from the first case, and violation of the protection order entered in the first case. Id. He was again arrested and was held in custody in conjunction with the second case though his 2 To the extent that Dobler contends he was entitled to nine additional days of PSCC in the first case, that issue isn’t properly before us. See People v. Roy, 252 P.3d 24, 29 (Colo. App. 2010). 
9 bond in the first case was never revoked. Id. at ¶ 3. Eventually, he entered a guilty plea in the first case in exchange for dismissal of some of the charges in that first case and all of the charges in the second case. Id. at ¶ 4. The defendant sought PSCC against his sentence in the first case for the period of confinement he’d served in the second case. Id. at ¶ 16. Our supreme court concluded that there wasn’t a substantial nexus between the charges in the first case and the period of confinement in the second case and, thus, that the defendant wasn’t entitled to the requested PSCC. Id. ¶ 22 Here, similarly, there isn’t a substantial nexus between the period of confinement in the first case and the charges in the second case. Even though Dobler wouldn’t have been charged with violation of bail bond conditions in the second case if the first case didn’t exist, he was also charged with vehicular homicide, leaving the scene of an accident, and various other offenses entirely unrelated to the first case. See id. (although the defendant “would not have been charged in the second case with violation of bail bond conditions or violation of a protection order if the first case did not exist . . . [he] was also charged with trespass”). And the prosecution dropped the violation of bail bond conditions charge as part of the 
10 plea deal. Thus, as in Fransua, “[t]he conduct supporting [some of the charges] in the second case was separate and distinct from the conduct at issue in the first case.” Id. “In other words, even if the first case had not existed, the People could have charged [Dobler] with [vehicular homicide and leaving the scene of an accident] in the second case.” Id. Because Dobler’s confinement during the relevant time period “can be attributed to the [vehicular homicide and leaving the scene of an accident] charge[s] in the second case” — “independent of the first case and of [Dobler]’s violations related to the first case” — we, like our supreme court, conclude that “there is not a substantial nexus between this confinement and the charges in the first case.” Id. ¶ 23 We reject Dobler’s contention that the fact that his probation was revoked in the first case establishes a nexus with the second case. He cites People v. Howe, in which a division of this court, in reviewing a PSCC award following the revocation of probation, recognized a nexus between the revocation complaint and new charges based on the same conduct that had led to the revocation. 2012 COA 177, ¶ 19. While Howe may have supported an award of PSCC in the probation revocation and resentencing proceedings in 
11 the first case, it doesn’t affect the PSCC awarded in this second case, where Dobler was charged with, pleaded guilty to, and was sentenced for offenses that had no relation to the first case. ¶ 24 We also reject Dobler’s contention that the fact that the sentences are concurrent entitles him to receive credit in the second case for time served in the first case. The rationale that usually leads to crediting time served against each concurrent sentence doesn’t apply in this case. Ordinarily, “the period of presentence confinement should be credited against each [concurrent] sentence . . . because concurrent sentences obviously commence at the same time and in functional effect result in one term of imprisonment represented by the longest of the concurrent sentences imposed.” Schubert, 698 P.2d at 795. Here, though, the sentences in the first case and the second case didn’t begin at the same time; the credit Dobler seeks is for time he served in the first case before he committed the charged conduct in the second case. ¶ 25 Lastly, we reject Dobler’s contention that the postconviction court erred by not making findings of fact or conclusions of law in denying his motion for reconsideration. The court issued a detailed order in denying the motion for PSCC and wasn’t required to do any 
12 more in denying the motion for reconsideration, which largely just re-raised the same issues. Nor was Dobler authorized to file the motion for reconsideration in the first place. See People v. Thomas, 195 P.3d 1162, 1164 (Colo. App. 2008) (“The rules of criminal procedure do not authorize a motion to reconsider postconviction orders.”). Thus, we can’t conclude that the court was required to make any findings of fact or conclusions of law on that motion. ¶ 26 Accordingly, we affirm the postconviction court’s order denying Dobler’s request for additional PSCC. III. Disposition ¶ 27 The order is affirmed. JUDGE TOW and JUDGE KUHN concur.