24CA0437 Morris v CDOC 04-17-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0437
Crowley County District Court No. 21CV15
Honorable Samuel Scott Vigil, Judge

---

John Edward Morris,

Plaintiff-Appellant,

v.

Moses 'Andre' Stancil, Executive Director, Colorado Department of Corrections; August Bauby, Manager, Department of Corrections Time/Release Operations; Barry Goodrich, Warden, Crowley County Correctional Facility; Eddie Tenario, Case Manager, Crowley County Correctional Facility; George Teneff, Case Manager, Crowley County Correctional Facility; Mathew Cook, Case Manager, Crowley County Correctional Facility,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE BERNARD*
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

---

John Edward Morris, Pro Se

Philip J. Weiser, Attorney General, Rebekah Ryan, Senior Assistant Attorney General, Denver, Colorado, for Defendants-Appellees Moses 'Andre' Stancil and August Bauby

Hall & Evans, L.L.C., Andrew D. Ringel, Lynn R. Kuznitz, Denver, Colorado, for Defendants-Appellees Barry Goodrich, Eddie Tenario, George Teneff, and Matthew Cook

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     The plaintiff, John Edward Morris, is an inmate in the custody of the Colorado Department of Corrections, which we shall call "the department." The plaintiff appeals the district court's judgment that dismissed his lawsuit seeking mandamus and declaratory relief under C.R.C.P. 106(a)(2) and C.R.C.P. 57. We affirm.

I.     Background

¶ 2     The plaintiff has two convictions relevant to this appeal. In Texas, he was convicted of aggravated assault of a police officer with a deadly weapon. He was sentenced to thirty years in prison beginning on April 12, 2007. In Colorado, he was convicted of aggravated robbery. He was sentenced to twenty-six years in prison, to be served concurrently with the Texas sentence, beginning on October 6, 2008.

¶ 3     In 2019, the plaintiff was paroled from his sentence in Texas, and his custody was transferred to the department. He was initially assigned to Crowley County Correctional Facility, a private prison that operates under a contract with department.

¶ 4     Upon his transfer, the department calculated his parole eligibility date for his Colorado conviction. The department deemed his Texas conviction to be a crime of violence under section 18-1.3-

406, C.R.S. 2024.  As a result, the department determined that, under section 17-22.5-403(2)(a), C.R.S. 2024, he was required to serve 75% of his Colorado sentence, which would make him parole eligible on January 24, 2026.

¶ 5     Shortly after his transfer from Texas, the plaintiff filed the lawsuit in this case.  The complaint named several defendants, which fell into two groups: employees of the private prison and employees of the department.  As is relevant to our analysis, the complaint consisted of two claims: (1) the private prison and the department refused to perform the statutorily required review of his performance record from his previous incarceration in Texas for earned time credit; and (2) the private prison and the department improperly calculated his parole eligibility date.

¶ 6     In response, the private prison filed a motion to dismiss this case, relying on C.R.C.P. 12(b)(5).  The prison argued that, under section 17-22.5-405, C.R.S. 2024, the department, not the prison, was responsible for resolving the plaintiff's claims.  The magistrate hearing the case agreed and granted the prison's motion to dismiss.

¶ 7     The department also filed a motion to dismiss under C.R.C.P. 12(b)(5), or in the alternative, a motion for summary judgment

under C.R.C.P. 56. The department asserted that it had conducted the required earned time review, finding that the plaintiff was not eligible for any additional earned time, and that his parole eligibility date had been properly calculated. In support of these assertions, the department included an affidavit from the technician responsible for conducting earned time reviews.

¶ 8    In ruling on the department's motion, the magistrate found that the plaintiff was only eligible for, but not entitled to, earned time credit. The magistrate also determined that the department had correctly calculated his parole eligibility date. As a result, the magistrate decided that the plaintiff had not shown that he had a clear right to relief, so the magistrate granted the department's motion to dismiss the complaint.

¶ 9    The plaintiff asked the district court to review the magistrate's decision. The court adopted the magistrate's reasoning, and it affirmed the magistrate's order.

## II.    Analysis

¶ 10    The plaintiff contends that (1) he has demonstrated that the private prison and the department must "perform affirmative actions" in accordance with the earned time and parole eligibility

statutes and administrative regulations; and (2) the magistrate committed two procedural errors — namely, by granting the prison's motion to extend a deadline and by denying his request to amend the complaint.

¶ 11　Because the plaintiff is pro se, "we liberally construe his filings while applying the same law and procedural rules applicable to a party represented by counsel." *Gandy v. Williams*, 2019 COA 118, ¶ 8. Accordingly, we seek to effectuate the substance, rather than the form, of his pleadings. *See People v. Cali*, 2020 CO 20, ¶ 34. We will not, however, rewrite his pleadings or act as an advocate on his behalf. *Id.*

¶ 12　We conclude that the plaintiff's claim against the private prison is moot, his claims against the department were properly dismissed, and his remaining claims were not preserved for appellate review.

### A.　Claims Against the Private Prison

#### 1.　Legal Principles and Standard of Review

¶ 13　An appellate court will decline to render an opinion on the merits of an appeal when a case is moot. *See People v. Abdul*, 935 P.2d 4, 6 (Colo. 1997). An appeal is moot when "our decision will

have no practical effect on an actual or existing controversy." *People v. Garcia*, 2014 COA 85, ¶ 9; *see also People v. Devorss*, 277 P.3d 829, 833 (Colo. App. 2011).

¶ 14    Colorado recognizes two exceptions to the mootness doctrine. First, a case will not be dismissed if it represents a controversy capable of repetition yet evading review. *Taxpayers Against Congestion v. Reg'l Transp. Dist.*, 140 P.3d 343, 346 (Colo. App. 2006). Second, a court may consider issues involving a question of great public importance or an allegedly recurring constitutional violation. *Id.*

¶ 15    Whether an appeal is moot is a question of law that we review de novo. *People ex rel. Rein v. Meagher*, 2020 CO 56, ¶ 14.

### 2.    Application

¶ 16    As we interpret his argument, the plaintiff contends that the magistrate erred in dismissing the private prison as a defendant in this case. He asserts that the prison's case manager had an obligation under the relevant statutes and administrative rules to forward "any documentation" pertaining to his earned time credits from his incarceration in Texas and to his parole eligibility date to the department.

¶ 17    But, assuming for the purposes of argument that such an obligation exists, the record shows, and the plaintiff admits, that the private prison forwarded the documents to the department. In his complaint, the plaintiff described numerous delays and challenges that he encountered when he attempted to deliver the documents to the department for review. At various points in the proceedings and in his opening brief on appeal, however, he concedes that the prison sent the documents to the department. The technician responsible for conducting the earned time review at the department likewise acknowledged that the department had received the documents. We therefore conclude that, because the plaintiff has received this part of the relief that he requested, any judgment in his favor on this issue would have no practical effect on the controversy.

¶ 18    Still, the plaintiff urges us to consider his earned time contention under both exceptions to the mootness doctrine because it will "have an impact on [department] case managers and likely result in a policy and/or practice change concerning situations similar to [the plaintiff's]." We disagree because

- under the circumstances of this case, any opinion that we would write on this issue would be advisory, and we must avoid authoring advisory opinions, *see People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 14;

- while this issue may be capable of repetition, it will not evade review because an inmate whose documents have not been forwarded from a private prison to the department may raise the issue in an appeal; and

- while we acknowledge the importance of this issue to the plaintiff, he has not shown that this issue is indicative of a recurring constitutional violation or that it is of great public importance.

### B. Claims Against the Department

¶ 19 The plaintiff contends that the court erred in dismissing his claims against the department because he had asserted a clear right to review of his earned time credits and to recalculation of his parole eligibility date. We disagree.

### 1. Legal Principles and Standard of Review

¶ 20 Relief under C.R.C.P. 106(a)(2) is an extraordinary remedy to compel the performance of a nondiscretionary ministerial duty.

7

*Jefferson Cnty. Educ. Ass'n v. Jefferson Cnty. Sch. Dist. R-1*, 2016 COA 10, ¶ 10. "The burden on [a] plaintiff is heavy. [A] plaintiff must show that (1) he has a clear right to the relief he seeks; (2) the defendant has a clear duty to perform the act requested; and (3) no other remedy is available." *Owens v. Williams*, 2020 COA 177, ¶ 15, *rev'd on other grounds sub nom. Owens v. Carlson*, 2022 CO 33; *see also* C.R.C.P. 106(a)(2).

¶ 21     Under C.R.C.P. 12(b)(5), the court may grant a motion to dismiss a complaint if it does not state a claim upon which relief can be granted. To survive such a motion, a plaintiff must plead sufficient facts that suggest plausible grounds to support a claim for relief. *See Warne v. Hall*, 2016 CO 50, ¶ 24; *Froid v. Zacheis*, 2021 COA 74, ¶ 29. In evaluating the motion, a district court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. The court, however, is not required to accept bare legal conclusions as true. *Id.*

¶ 22     We review de novo a district court's decision to dismiss a complaint under C.R.C.P. 12(b)(5), applying the same standards that the district court must use. *Id.*

## 2.     Earned Time

¶ 23     The plaintiff contends that he asserted a clear right to review of his earned time from the thirteen years when he was incarcerated in Texas before he was transferred to the department.

¶ 24     Although we agree that the plaintiff is entitled to a review of his earned time credits, *see* § 17-22.5-405(3); *People v. Frank*, 30 P.3d 664, 666 (Colo. App. 2000), the department has already given the plaintiff the review for which he asked.  According to the department technician's affidavit, she received and reviewed some documents pertaining to the plaintiff's incarceration in Texas.  But she determined that the documents were "not adequate to determine [the plaintiff's] institutional conduct during his incarceration in [Texas]."  The plaintiff acknowledges the technician's affidavit, and he does not contend that her review of the documents was insufficient.

¶ 25     Instead, he makes a conclusory statement that the review should have had a different outcome.  But he did not demonstrate a clear right to a different outcome.

¶ 26     To demonstrate a clear right to the requested relief, that relief must be the result of a nondiscretionary ministerial duty.  *Jefferson*

*Cnty. Educ. Ass'n*, ¶ 10; *see also Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 877-78 (Colo. App. 2003). As is pertinent to our review, the award or withdrawal of earned time credits is within the department's discretion. § 17-22.5-405(1). Although the department is required to conduct an earned time review, which it did in this case, it is not required to award the plaintiff earned time credit based on his Texas sentence. *See Verrier*, 77 P.3d at 878. We conclude that the record therefore supports the court's decision to dismiss the plaintiff's earned time credit claim.

### 3. Parole Eligibility Date

¶ 27 The plaintiff contends that the department incorrectly calculated his parole eligibility date. He submits that the department "ignore[d]" four years that he was incarcerated in Texas from July 6, 2004 (the date of the offense in Texas) to October 6, 2008 (the effective date of his sentence for his Colorado conviction). He asserts that, because the sentences run concurrently and should be treated as "one continuous sentence" under section 17-22.5-101, C.R.S. 2024, the department should have credited him this time in its calculation of his parole eligibility date. But, because he is requesting credit for time he spent incarcerated

10

before the effective date of his Colorado sentence, we interpret his contention as asking for presentence confinement credit for time served in Texas before his Colorado sentence began.

¶ 28    Under Colorado law, an inmate is entitled to presentence confinement credit for the entire period of confinement on that crime before sentencing, provided there is a substantial nexus between the confinement and the charge.  § 18-1.3-405, C.R.S. 2024.  "[C]redit is to be given only where the presentence confinement is caused by the charge — or 'said offense' — on which the defendant is being sentenced . . . ."  *People v. Torrez*, 2017 CO 91, ¶ 3, *overruled by Russell v. People*, 2020 CO 37.  If the confinement was due to other charges or reasons, then the inmate is not entitled to presentence confinement credit for that period. *People v. Fransua*, 2016 COA 79, ¶ 12, *aff'd*, 2019 CO 96.

¶ 29    Assuming, for the purposes of argument, that the plaintiff preserved this contention, we conclude that he is asking for something that Colorado's law does not give him: a right to presentence confinement credit for time that he spent in Texas before the effective date of when his Colorado sentence began. Because his Colorado sentence started on October 6, 2008, he was

11

entitled to any time he spent incarcerated before that date *based on that offense.* Indeed, the department's parole eligibility calculation determined that he had received ninety days of credit for his presentence confinement in this case. Any additional time he spent incarcerated in Texas, particularly before Colorado lodged a detainer against him because of his Colorado sentence, was not a result of the Colorado case. *See id.*

### C. Assertion of Other Procedural Errors

¶ 30 The plaintiff asserts that the magistrate erred by (1) granting the private prison's motion for an extension of time based on excusable neglect, and (2) denying his motion to amend and to supplement his complaint under C.R.C.P. 15(a) and (d). But "[a] petition for district court review of a magistrate's order is a prerequisite to an appeal." *People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006). The plaintiff did not raise these claims to the district court. As a result, they are unpreserved, and we decline to address them. *Id.*

¶ 31 The judgment is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.

12