24CA1243 Peo v Seymour 03-05-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1243
City and County of Denver District Court No. 23CR3781
Honorable Karen L. Brody, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Sean W. Seymour,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-
Appellee

Megan A. Ring, Colorado State Public Defender, Christina Van Wagenen,
Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Sean W. Seymour, appeals the district court's order imposing restitution.  We affirm.

## I.     Background

¶ 2     The State charged Seymour with class 4 felony theft for stealing materials from a manufacturing company and selling the items as scrap metal.  Seymour pled guilty to an added count of class 5 felony theft and the prosecution dismissed the original charge.  As part of the plea agreement, Seymour agreed to pay restitution.  The court reserved the determination of a restitution amount for ninety-one days and ordered the prosecution to submit a motion for restitution within forty-nine days.

¶ 3     Less than forty-nine days later, the prosecution filed a motion for an order of restitution in the amount of $69,742.09.  The court set the matter for a hearing to be held two weeks before the ninety-one-day deadline.  Before the hearing, the prosecution filed an unopposed motion to continue the hearing because the prosecutor, defense counsel, and victim representative were all unavailable that week.  The prosecution asked the court to find good cause to set the hearing beyond the ninety-one-day deadline and represented that defense counsel did not oppose that request.

1

The court granted the motion, finding that, "[i]n light of the parties' and witness scheduling issues, and at the parties' request, . . . good cause [existed] for extending the deadline for establishing the amount of restitution to beyond the [ninety-one-]day period provided by statute."

¶ 4 Before the continued restitution hearing, the prosecution filed an amended motion for an order of restitution in the reduced amount of $69,726.55. At the hearing, defense counsel argued, among other things, that the restitution request should be denied because, in accordance with the then-recently announced opinion in *People v. Brassill*, 2024 COA 19 (*cert. granted* Aug. 4, 2025), the prosecution failed to comply with its obligation under the restitution statute to make the information in support of restitution available at sentencing. The court disagreed, found that Seymour waived his challenge to the prosecution's failure to comply with its statutory obligation, and entered an order for restitution.

¶ 5 On appeal, Seymour contends that the district court violated his right to a timely restitution order because (1) it did not require the prosecution to present restitution information it had available at

sentencing and (2) it impermissibly entered the restitution order beyond the statutory ninety-one-day deadline.  We disagree.

## II.    Relevant Law

¶ 6     Every order of conviction shall include consideration of restitution, which must be reflected in one of the four types of orders set forth in the restitution statute.  *People v. Weeks*, 2021 CO 75, ¶ 3.  At the time Seymour was sentenced, section 18-1.3-603(1)(b), C.R.S. 2023, required a court to enter "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined."  *See Weeks*, ¶ 4.

¶ 7     The statute further provides that a court's restitution order must be based "upon information presented to the court by the prosecuting attorney."  § 18-1.3-603(2)(a).  At the time Seymour was sentenced, section 18-1.3-603(2)(a) provided that "the prosecuting attorney shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction."

¶ 8    The statutory deadlines in subsections (1)(b) and (2)(a) are not jurisdictional. *Babcock v. People*, 2025 CO 26, ¶¶ 2, 21-26; *Johnson v. People*, 2025 CO 29, ¶¶ 19-20, 25. Thus, defendants may waive their subsection (1)(b) right to have the court determine the amount of restitution within ninety-one days of conviction, and their subsection (2)(a) right to have restitution determined at sentencing if the amount of restitution is available to the prosecution prior to that time. *Johnson*, ¶ 25.

¶ 9    When the right at issue is statutory, waiver of such right need only be voluntary. *Id.* at ¶ 26. "Waiver may be demonstrated through explicit words or actions, or it may be implied 'as when a party engages in conduct that manifests an intent to relinquish a right or privilege or acts inconsistently with its assertion.'" *Id.* (quoting *Forgette v. People*, 2023 CO 4, ¶ 28). Moreover, "the actions of counsel are relevant to our analysis as '[c]ounsel may waive a defendant's statutory rights.'" *Id.* (quoting *Finney v. People*, 2014 CO 38, ¶ 16). But, because "[w]aiver extinguishes error and therefore appellate review," *see id.*, we indulge every reasonable presumption against waiver. *See Phillips v. People*, 2019 CO 72, ¶¶ 18, 21.

### III. Seymour Waived His Subsection (2)(a) Right to Have the Prosecution Present Restitution Information at Sentencing

¶ 10    We review de novo whether a claim is waived. *Johnson,* ¶ 26. And although Seymour did not challenge the timeliness of the restitution order in the district court, we can review this substantive Crim. P. 35(a) claim for the first time on appeal. *See Tennyson v. People,* 2025 CO 31, ¶ 7 (a claim challenging the timeliness of the order setting the amount of restitution is a Crim. P. 35(a) illegal manner claim); *see also Fransua v. People,* 2019 CO 96, ¶ 13 (there is no preservation requirement for a Rule 35(a) claim).

¶ 11    In his written plea agreement, Seymour "agree[d] to stipulate to liability and pay restitution for all charged counts, including counts dismissed as part of this plea resolution." The plea agreement included additional stipulated concessions: "Plea to added count 2 - F5 Theft (08A1F) (agg range 2-6) + open + SL/RR (amount TBD)." The plea documents do not define the notation "SL/RR (amount TBD)." The court explained in its restitution order, however, that when the parties have agreed to allow the amount of restitution to be determined within ninety-one days, it is common

practice in Courtroom 5A to use the abbreviation "RR:" to denote "restitution reserved." This explanation is consistent with the parties' discussion of the plea terms at the providency and sentencing hearings.

¶ 12    At the providency hearing, defense counsel informed the district court that, consistent with the above stipulated concessions, the plea terms included "a plea to theft as a Class 5 felony with an open sentence, two to six years, but probation is also an available sentence to the [c]ourt, stipulation to liability and restitution . . . although the amount to be determined." The court also advised Seymour that he was agreeing to pay "for any monetary loss that the victim suffered with restitution reserved and the amount to be determined within [ninety-one] days." Seymour indicated that he understood and agreed to the plea disposition, confirming it was "how [he] wish[ed] to proceed." Seymour further agreed that he understood the plea and the plea documents and that he did not have any remaining questions. The court accepted his guilty plea as entered knowingly, intelligently, and voluntarily.

¶ 13    Along with the written plea agreement, the prosecution filed a victim impact statement, which reflected a loss to the victim of

about $25,000 in "Total Stolen Raw Goods."  And the victim's representative added, "[w]e can easily substantiate more than $75,000 worth of stolen product without getting into most of the assembly work, engineering, overhead, etc."

¶ 14    At the sentencing hearing, the court confirmed with defense counsel the terms of the plea agreement:

> THE COURT: Okay.  We are here today for a sentencing hearing, right, which we set over. There was a . . . plea to added Count 2, Class 5 felony, aggravated range of two to six years open sentence, stipulation liability and restitution, a reserved amount to be determined, right --
>
> [Defense counsel]: Yes.

¶ 15    The court later asked the prosecutor about the status of restitution:

> THE COURT: And is there restitution, [prosecutor]?  Or what --
>
> [Prosecutor]: At this time --
>
> THE COURT: How does that work?
>
> [Prosecutor]: -- we know of $25,000.  It – I think it's going to be more than that, so I would ask to reserve it.  I think the [c]ourt has a [v]ictim [i]mpact [s]tatement with that $25,000 amount in -- but we need to do a worksheet and figure out how much the assembly cost would be and things like that.

7

When imposing sentence, the court stated, "I'm going to let the People reserve establishing the amount of restitution for [ninety-one] days and ask that they file a motion within [forty-nine days] and confer with [defense] counsel. And if there's any objection, we will come back and have a hearing on that."

¶ 16      Based on this record, we conclude that Seymour validly waived his subsection (2)(a) right to have the prosecution present restitution information at sentencing. He did so through the stipulated plea concessions — namely, "RR (amount TBD)," which means "the parties have agreed that establishing the amount of restitution will be reserved for ninety-one days"; and through defense counsel's and Seymour's conduct and representations at the providency and sentencing hearings — namely, by agreeing to reservation of the restitution amount determination, and by declining to object to the court's order giving the prosecution forty-nine days to submit its restitution request, which was obviously inconsistent with subsection (2)(a). *See Johnson*, ¶¶ 7-8, 19, 28-30; *People v. Fregosi*, 2024 COA 6, ¶¶ 16-21; *Forgette*, ¶ 34.

## IV. The Court Did Not Violate Subsection (1)(b)

¶ 17    Seymour also argues that the district court violated its duties under the statute when it impermissibly entered the restitution order beyond the ninety-one-day deadline. He asserts that his silence on the prosecution's unopposed motion for a continuance of the restitution hearing was insufficient to waive his subsection (1)(b) right to have restitution determined within ninety-one days of sentencing. His argument is misplaced. The court extended the restitution amount determination beyond the ninety-one-day deadline based on a finding, before the deadline expired, that good cause existed to extend the time period — not, as Seymour asserts, based on a waiver of his subsection (1)(b) right. Seymour provides no authority to support a conclusion that a court cannot make a good cause finding without a defendant's agreement, nor does he argue that the good cause finding here was error. *See Weeks*, ¶¶ 4-5 (a court can extend the subsection (1)(b) deadline only if, before the deadline expires, the court expressly finds good cause for doing so).

¶ 18    In sum, we conclude that the district court did not err by entering an order setting a restitution amount because Seymour

validly waived his subsection (2)(a) right to have the prosecution present restitution information at sentencing; the court properly entered a subsection (1)(b) order at sentencing that reserved the determination of the restitution amount for ninety-one days; and the court made an express, timely good cause finding to extend the determination of the restitution amount beyond the ninety-one-day deadline.

## V.   Disposition

¶ 19    The restitution order is affirmed.

JUDGE JOHNSON and JUDGE GOMEZ concur.